Jose Manuel **VARELA–RUBALCABA**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 04–70177.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Decided April 10, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ricardo Alberto Figueroa, Law Offices of Ricardo A. Figueroa, Long Beach, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Emily A. Radford, Esq., Cindy S. Ferrier, Esq., Jennifer J. Keeney, U.S. Department of Justice, Washington, D.C., for Respondent.

Before: HAWKINS, MCKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

Jose Manuel Varela–Rubalcaba, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming without opinion an immigration judge's ("IJ") order denying his application for suspension of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1252. *Sotelo v. Gonzales,* 430 F.3d 968, 970 (9th Cir.2005). Reviewing for substantial evidence, *Lopez–Alvarado v. Ashcroft,* 381 F.3d 847, 851 (9th Cir.2004), we grant the petition for review and remand for further proceedings.

We reject the government's contention that Varela–Rubalcaba failed to exhaust his claim that the IJ erred in his continuous physical presence determination. Varela–Rubalcaba adequately raised the issue in his pro se Notice of Appeal to the BIA. *See Agyeman v. INS,* 296 F.3d 871, 877–78 (9th Cir.2002).

The IJ's decision contained no adverse credibility finding, so we accept Varela–Rubalcaba's testimony as true. *See Lopez–Alvarado,* 381 F.3d at 851. Moreover, the ruling failed to mention ei-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ther the contents of Varela–Rubalcaba's application for suspension of deportation or the employment authorization and birth certificate documents that Varela–Rubalcaba contends demonstrate his continuous seven-year physical presence. Accordingly, we are unable to conclude that substantial evidence supports the IJ's determination. *See id.* at 851–52.

■ The government contends that former 8 U.S.C. § 1254(a)(2), which was not mentioned by the IJ, in fact required Varela–Rubalcaba to demonstrate ten years of continuous presence after his conviction. As the agency did not consider this argument in the first instance, we may not rule on it. *See Andia v. Ashcroft,* 359 F.3d 1181, 1185 (9th Cir.2004) (per curiam); *see also Recinos De Leon v. Gonzales,* 400 F.3d 1185, 1189 (9th Cir.2005) ("We may affirm the IJ only on grounds set forth in the opinion under review."). We therefore remand for further proceedings to allow the agency to reevaluate Varela–Rubalcaba's continuous physical presence under the statutory provision it determines to be applicable.

**PETITION FOR REVIEW GRANTED; REMANDED.**