**Maria Esther GARCIA CEBALLOS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72945.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Filed April 10, 2006.

Walter Rafael Pineda, Esq., Law Offices of Walter Rafael Pineda, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ari Nazarov, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, McKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

Maria Esther Garcia Ceballos, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's ("IJ") order denying her cancellation of removal application. We have jurisdiction under 8 U.S.C. § 1252. We review de novo purely legal questions, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003), and we deny the petition for review.

Garcia Ceballos's contention that the IJ applied the wrong standard to evaluate hardship fails, because the BIA did not adopt the IJ's decision and the BIA used the correct "exceptional and extremely unusual hardship" standard in denying cancellation of removal. *See Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004–05 (9th Cir.2003) (the BIA has broad authority to define "exceptional and extremely unusual hardship" and does not violate due process where interpretation falls within wide range of possible interpretations); *Elnager v. INS,* 930 F.2d 784, 787 (9th Cir.1991) (any alleged errors made by IJ may be rendered harmless by the BIA).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

We do not address the IJ's moral character determination because the BIA did not rely on it and Garcia Ceballos's failure to establish the requisite hardship is dispositive of her eligibility for relief. *See* 8 U.S.C. § 1229b(b)(1) (to be eligible for cancellation of removal the applicant must establish continuous physical presence, good moral character and hardship); *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir.2004) (explaining the court will only consider grounds relied upon by the agency).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.