Carlos Rufino **RAMIREZ CANSECO,** Petitioner,

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70510.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007 *.

Filed Jan. 12, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Carlos Rufino Ramirez Canseco, San Bernardino, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, DOJ— U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

MEMORANDUM **

Carlos Rufino Ramirez Canseco, a native and citizen of Mexico, petitions pro se for review of an August 9, 2004, order of the Board of Immigration Appeals affirming, without opinion, the results of an immigration judge's decision denying his application for cancellation of removal.

Because the Board affirmed the immigration judge's decision without opinion, the immigration judge's decision is the final agency determination subject to our review. *Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). But we lack jurisdiction to review the immigration judge's decision in this instance because the immigration judge denied the application based on his discretionary determination that Ramirez Canseco failed to establish the requisite exceptional and extremely unusual hardship to a qualifying relative. 8 U.S.C. § 1252(a)(2)(B)(i); *Martinez–Rosas v. Gonzales,* 424 F.3d 926 (9th Cir.2005).

Ramirez Canseco's equal-protection challenge regarding the disparity in standards precipitated by the Nicaraguan Adjustment and Central American Relief Act

** This disposition is not appropriate for publi-

("NACARA") lacks merit. *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 602–03 (9th Cir.2002) (rejecting equal-protection challenge to NACARA's affording favorable treatment to aliens from certain war-torn countries).

Ramirez Canseco's contentions regarding the adequacy of the Board's summary opinion are foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845 (9th Cir.2003) (rejecting due process challenge to the Board's streamlining procedures).

We lack jurisdiction to review the Board's December 30, 2004, decision denying Ramirez Canseco's motion to reopen because he failed to file a separate petition for review within thirty days of that decision. *See* 8 U.S.C. § 1252(b)(1); *Andia v. Ashcroft,* 359 F.3d 1181, 1183 n. 3 & 1185 (9th Cir.2004).

**PETITION DISMISSED IN PART AND DENIED IN PART.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.