**Maria Lidia CENTENO (née Garcia Tomas), Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70309.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 16, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Elizabeth Torres, Foss and Torres, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Emily A. Radford, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

## MEMORANDUM **

Maria Lidia Centeno, née Garcia Tomas, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings due to ineffective assistance by prior counsel. To the extent we have jurisdiction it is pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Bhasin v. Gonzales,* 423 F.3d 977, 983 (9th Cir.2005), we deny in part, and dismiss in part, the petition for review.

■ The BIA did not abuse its discretion in finding that the motion to reopen was not timely filed, or in rejecting petitioner's request for equitable tolling of the filing deadline. Petitioner failed to establish that she acted with the requisite diligence after she retained her current attorney on May 1, 2004 and before she filed the motion to reopen on September 17, 2004. *See Iturribarria v. INS,* 321 F.3d 889, 897–98 (9th Cir.2003).

■ However, documents in the record indicate that petitioner retained current

counsel on May 1, 2004, and that research about the prior attorney was conducted on June 14, 2003. More than 90 days elapsed before current counsel attempted to file the motion to reopen (August 12, 2004) and before current counsel finally filed the motion (September 17, 2004). *See id.* at 898; *see also* 8 C.F.R. § 1003.2(c)(2) (setting 90–day filing deadline for motions to reopen). Accordingly, we stay issuance of the mandate for 120 days to give petitioner an opportunity to file a second motion to reopen on grounds of ineffective assistance of counsel. *See Iturribarria,* 321 F.3d at 897 (recognizing "equitable tolling of deadlines and numerical limits on motions to reopen").

■ To the extent petitioner challenges the BIA's order denying her motion to reconsider its order denying the motion to reopen, we lack jurisdiction to consider her contentions because she did not file a separate petition for review. *See Andia v. Ashcroft,* 359 F.3d 1181, 1183 n. 3 (9th Cir.2004) (holding that "the BIA's denial of a motion to reconsider is a separate action that must be separately appealed for this court to have jurisdiction.").

We instruct the Clerk to amend the caption to show petitioner's married name.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part; ISSUANCE OF MANDATE STAYED FOR 120 DAYS.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.