**Aureliano VILLEGAS MOLINA,**
**Petitioner,**

v.

**Alberto R. GONZALES, Attorney**
**General, Respondent.**

No. 06–73117.

United States Court of Appeals,
Ninth Circuit.

Submitted May 16, 2007 *.

Filed May 23, 2007.

CAC–District Counsel, Esq., Office of the District Counsel, Department of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

657

Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Aureliano Villegas Molina, a native and citizen of Mexico, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing de novo, *Altamirano v. Gonzales*, 427 F.3d 586, 591 (9th Cir.2005), we grant the petition for review and remand for further proceedings.

■ As the government concedes, the BIA's order in this case mistakenly stated that the IJ's decision was based on a determination that Villegas Molina lacked good moral character. In fact, the IJ determined that Villegas Molina was ineligible for cancellation of removal due to a 1996 domestic violence offense. *See* 8 U.S.C. §§ 1227(a)(2)(E)(i), 1229b(b)(1)(C). Villegas Molina's conviction was on July 1, 1996, however, and the BIA recently held, in a cancellation case raising the same eligibility bar, that 8 U.S.C. § 1227(a)(2)(E) "is only effective to convic-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tions occurring after September 30, 1996, the enactment date of IIRIRA." *In re Villegas Martinez* (BIA Mar. 19, 2007) (unpublished decision).

■ We reject the government's contention that the BIA "implicitly concluded that Villegas had been convicted of a crime involving moral turpitude." *See Andia v. Ashcroft*, 359 F.3d 1181, 1185 (9th Cir. 2004) (per curiam) (declining to consider "arguments advanced by the INS which were not relied on by the BIA"). Accordingly, we grant the petition for review and remand this matter to the agency.

**PETITION FOR REVIEW GRANTED; REMANDED.**