**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 04 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| LEE RICH WILLIAM, | No. 10-70591 |
| Petitioner, | Agency No. A088-118-915 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 6, 2013
Pasadena, California

Before:  PREGERSON and FISHER, Circuit Judges, and GWIN, District Judge.[**]

Lee Rich William, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeal's (BIA) decision dismissing his appeal of the

decision of the immigration judge (IJ) denying his applications for asylum and

withholding of removal.  We grant the petition.

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The Honorable James S. Gwin, United States District Judge for the
Northern District of Ohio, sitting by designation.

The BIA and the IJ concluded that William's mistreatment did not rise to the level of persecution because William did not suffer "significant injuries" or require medical attention. Under our precedent, however, the BIA must consider not only the severity of physical attacks but also their frequency. Where, as here, an asylum applicant suffers frequent physical attacks over a period of years, resulting in bleeding, bruising and swollen eyes, the injuries may well rise to the level of persecution, even if any single such attack, viewed in isolation, might not. *See, e.g., Chand v. INS*, 222 F.3d 1066, 1070, 1073-74 (9th Cir. 2000) ("Where an applicant suffers [physical attacks] on more than one occasion, and as in this case is victimized at different times over a period of years, the harm is severe enough that no reasonable fact-finder could conclude that it did not rise to the level of persecution . . . ."); *Mihalev v. Ashcroft*, 388 F.3d 722, 725, 729, 730 (9th Cir. 2004) (holding that a 10-day detention, accompanied by daily beatings and hard labor, constituted persecution even though the petitioner "suffered no serious bodily injury and required no medical attention").

We therefore grant the petition for review on William's asylum and withholding of removal claims and remand to the BIA to apply the correct legal standard. *See Singh v. Holder*, 656 F.3d 1047, 1052 (9th Cir. 2011) ("We remand this matter to the BIA so that it may apply the correct legal standards in the first

2

instance."); *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam) ("If we conclude that the BIA's decision cannot be sustained upon its reasoning, we must remand to allow the agency to decide any issues remaining in the case.").

We do not reach William's argument regarding the Indonesian government's unwillingness or inability to protect him because it is unclear if the agency denied relief on this basis. *See Azanor v. Ashcroft*, 364 F.3d 1013, 1021 (9th Cir. 2004) (holding that, where an agency decision is unclear, remand is appropriate for additional investigation or explanation by the BIA).

The panel retains jurisdiction over subsequent petitions for review.

**PETITION GRANTED; REMANDED.**