MEMORANDUM *
Sergio Rojas-Maldonado, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals’s (hereinafter “the Board”) dismissal of his appeal of an Immigration Judge’s (IJ) denial of his application for relief under former Immigration and Nationality Act § 212(c), 8 U.S.C. § 1182(c). An IJ granted Rojas such relief in 1992, but the legacy Immigration and Naturalization Service appealed and, in 1997, following the passage of the Antiterrorism and Effective Death Penalty Act of 1996, the Board denied Rojas 212(c) relief on the ground that it had been eliminated by statute. A lengthy procedural history ensued, but, in 2008, the Board granted Rojas’s motion to reopen and remanded his case to an IJ for a determination of his eligibility “in the first instance.” On remand, the IJ, at a status conference, determined that Rojas was statutorily pretermitted from obtaining 212(c) relief and ordered him deported.
On appeal, the Board concluded that Rojas was ineligible for 212(c) relief. The Board noted that, to render his 1983 entry as a lawful permanent resident “lawful” for the purposes of accruing the seven years of unrelinquished lawful domicile necessary to obtain 212(c) relief, Rojas would need to cure any grounds of inadmissibility to which he was subject at the time of his application for admission. The Board held that Rojas needed a waiver for having committed fraud in obtaining a visa, but that he would only be eligible for that waiver if he had not been inadmissible for any other reason. The Board concluded Rojas was also inadmissible for having reentered the country within five years of a deportation without advance permission from the Attorney General, and thus not *566 eligible for the fraud waiver or, therefore, 212(c) relief.
The Board did not expressly adopt the I.J’s ruling, but rather conducted an independent review of the record. Therefore, our review is confined to the Board’s decision and the reasoning underlying it. Hosseini v. Gonzales, 471 F.3d 953, 957 (9th Cir.2006); Andia v. Ashcroft, 359 F.3d 1181, 1184 (9th Cir.2004) (per curiam) (“In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency. If we conclude that the BIA’s decision cannot be sustained upon its reasoning, we must remand to allow the agency to decide any issues remaining in the case.”).
The Board erred in concluding that Rojas needed a fraud waiver. The IJ never took the necessary predicate step of finding that Rojas had in fact committed fraud. Rather, both the IJ and the Board assumed that, because he failed to disclose his prior deportation at the time he applied for lawful permanent residence in 1983, Rojas was excludable under former 8 U.S.C. § 1182(a)(19) (1982), for having “procured a visa or other documentation ... by fraud, or by willfully misrepresenting a material fact.” However, in order for an applicant to be excludable under the fraud bar, the misstatement must have been “deliberate and voluntary.” Forbes v. I.N.S., 48 F.3d 439, 442 (9th Cir.1995). “Proof of an intent to deceive is not required. Rather, knowledge of the falsity of a representation is sufficient.” Id. (internal citation omitted).
Neither the BIA nor the IJ applied the “deliberate and voluntary” standard, and neither considered whether Rojas knew that the information on his application was false, despite evidence in the record that he did not. Rather, both concluded that the omission alone constituted fraud.
In failing to assess whether Rojas’s omission was “deliberate and voluntary,” and whether Rojas knowingly omitted his prior deportation, the Board erred. The dissent would affirm because it concludes that Rojas was independently inadmissible for having reentered without advance permission within five years of having been deported. However, the Board did not consider whether Rojas might be eligible for a nunc pro tunc waiver absent his inadmissibility for fraud. He may not be, but because the Board’s holding that Rojas was ineligible for 212(c) relief depended on its conclusion that he was ineligible for a fraud waiver, we must remand.
Petition GRANTED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.