**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOUGLAS FLORES-GONZALEZ, AKA Douglas Alexander Flores-Gonzalez, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-71098 <br><br> Agency No. A098-384-860 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 3, 2016
Pasadena, California

Before: REINHARDT, FERNANDEZ, and OWENS, Circuit Judges.

Petitioner Douglas Flores-Gonzalez petitions for review of the Board of

Immigration Appeals' ("BIA") decision denying his untimely motion to reopen

based on ineffective assistance of counsel. As the parties are familiar with the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

facts, we do not recount them here. We grant the petition and remand the case for further proceedings consistent with this disposition.

The BIA determined that Flores-Gonzalez was not prejudiced by his former attorneys' failure to inform him of Special Immigrant Juvenile Status ("SIJS"), 8 U.S.C. § 1101(a)(27)(J), because there was no evidence that Flores-Gonzalez had a qualifying juvenile court order. However, as the government concedes, the BIA did not address Flores-Gonzalez's argument that his attorneys' ineffectiveness prevented him from obtaining a juvenile court order required for SIJS. The government argues that Flores-Gonzalez would not have qualified for such an order because the evidence does not support that he could not be reunited with one or both of his parents as a result of "abuse, neglect, abandonment, or similar basis found under State law." 8 U.S.C. § 1101(a)(27)(J); *see also* 8 C.F.R. § 204.11. But, "we cannot deny a petition for review on a ground that the BIA itself did not base its decision." *Hernandez-Cruz v. Holder*, 651 F.3d 1094, 1110 (9th Cir. 2011).

The BIA also determined that Flores-Gonzalez failed to fully comply with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *See Iturribarria v. INS*, 321 F.3d 889, 900 (9th Cir. 2003) (setting forth *Lozada* requirements). However, the BIA did not address Flores-Gonzalez's argument that

2

he was excused from doing so because the ineffectiveness was plain on the face of the administrative record. *See Castillo-Perez v. INS*, 212 F.3d 518, 525 (9th Cir. 2000) (noting that "a failure to comply with *Lozada* requirements is not necessarily fatal to a motion to reopen . . . when '[t]he facts are plain on the face of the administrative record'" (citation omitted)).

Accordingly, we remand so that the BIA may fully address all of the parties' arguments in the first instance. *See Su Hwa She v. Holder*, 629 F.3d 958, 963-64 (9th Cir. 2010) ("Rather than countenance a decision that leaves us to speculate based on an incomplete analysis, we remand the case to the BIA for clarification."); *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam) ("If we conclude that the BIA's decision cannot be sustained upon its reasoning, we must remand to allow the agency to decide any issues remaining in the case."). We remand the entire petition because the arguments the BIA failed to address may impact the other issues raised by Flores-Gonzalez in his petition for review.

The petition for review is **GRANTED** and we **REMAND** to the BIA for further proceedings consistent with this disposition.