NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XIAO JUN HE, | No.  12-70443 |
| Petitioner, | Agency No. A088-794-717 |
| v. | |
| JEFFERSON SESSIONS, III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 12, 2017**
Honolulu, Hawaii

Before:  SCHROEDER, NELSON, and MCKEOWN, Circuit Judges.

Xiao Jun He, a native and citizen of the People's Republic of China, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an Immigration Judge's ("IJ") decision denying his application for

---

*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**  The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the BIA's denial of relief based on He's failure to satisfy his burden of proof by proffering sufficient corroborating evidence to support his claims of past persecution and a well-founded fear of future persecution. Under the REAL ID Act, He was required to submit reasonably obtainable evidence to corroborate his testimony upon the IJ's request. 8 U.S.C. § 1158(b)(1)(B)(ii). Finding that He's evidence was insufficient to corroborate his fear of future persecution, the IJ granted He a continuance to produce additional witnesses. *See Ren v. Holder*, 648 F.3d 1079, 1091–92 (9th Cir. 2011) (holding that IJ cannot deny application for asylum without first notifying applicant that proffered corroborating evidence is insufficient and providing applicant with opportunity to produce additional evidence). We note that the IJ took this precautionary measure over a year before our court issued the decision in *Ren*. He, who was represented by counsel throughout, did not produce any witnesses, but rather offered an unauthenticated letter after the filing deadline had passed. He similarly failed to corroborate his claim of past persecution. *See Ren*, 648 F.3d 1093–94. The

government's objections to He's evidence of past persecution, and the IJ's statement regarding their "foundation and reliability" at the outset of the hearing, were sufficient to put He on notice that he needed to produce additional evidence. *See id.* Unlike the respondent in *Bhattarai v. Lynch*, 835 F.3d 1037, 1046–47 (9th Cir. 2016), who received neither notice nor an opportunity to produce corroborating evidence, He received a continuance in which to do so. Given He's failure to procure additional corroborating evidence or explain why he could not reasonably have obtained it, the BIA properly dismissed He's appeal.

Finally, He waived his withholding of removal and CAT claims because he did not challenge the IJ's decision regarding those claims on appeal to the BIA. Consequently, we do not have jurisdiction to hear them. *See* 8 U.S.C. § 1252(d)(1); *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004).

**PETITION DENIED**.