NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 14 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PARDEEP SINGH,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>MATTHEW G. WHITAKER, Acting<br>Attorney General,<br><br>　　　　　　　Respondent. | No.　16-72335<br><br>Agency No. A201-284-420<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 14, 2018
San Francisco, California

Before:　GRABER and BENNETT, Circuit Judges, and KOBAYASHI,[**] District
Judge.

　　Petitioner Pardeep Singh seeks review of a decision of the Board of

Immigration Appeals ("BIA") denying his claims for asylum, withholding of

removal, and Convention Against Torture ("CAT") relief. We deny the petition.

---

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The Honorable Leslie E. Kobayashi, United States District Judge for
the District of Hawaii, sitting by designation.

"We review denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016). "In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam). When the BIA adopts the decision of the immigration judge ("IJ") and offers its own view of the evidence and the law, we review both decisions. *Silva-Pereira*, 827 F.3d at 1184.

With respect to the first inconsistency that the IJ identified—whether Petitioner first learned the name Gogi Singh before Gogi Singh's men attacked Petitioner in October 2011—Petitioner's testimony differs from both his declaration (which repeatedly mentioned Gogi Singh's name in reference to events before 2011) and his brother's testimony (in which his brother stated that their family sometimes discussed Gogi Singh's name in Petitioner's presence and that he had specifically told Petitioner that Gogi Singh was responsible for the brother's kidnapping in mid-2011). Although Petitioner offers a plausible alternative view of the evidence, the IJ and the BIA considered and rejected his explanation for the discrepancy. The evidence does not *compel* a contrary conclusion. *Silva-Pereira*, 827 F.3d at 1184.

The same is true with respect to the second inconsistency that the IJ and BIA

2

identified: whether Petitioner suffered a knife wound during the October 2011 attack. Although Petitioner testified that the wound caused significant blood loss and required bandaging and several follow-up visits from the village doctor, the knife wound does not appear in the notes of Petitioner's credible-fear interview or in the doctor's letter to the court (which Petitioner himself tendered). Moreover, because the IJ properly characterized the evidentiary issue as an inconsistency, rather than a failure to corroborate, the IJ and the BIA did not violate Petitioner's due process rights by failing to give him an opportunity to supplement the record. Further, "[t]he notice-and-opportunity requirement applies when the applicant's testimony is 'otherwise credible.'" *Bhattarai v. Lynch*, 835 F.3d 1037, 1043 (9th Cir. 2016) (quoting *Ren v. Holder*, 648 F.3d 1079, 1091 (9th Cir. 2011)). Petitioner was not "otherwise credible," and so the IJ did not have to give him the opportunity to corroborate the testimony further.

Lastly, none of Petitioner's alternative explanations for the inconsistency compels reversal of the adverse credibility determination.

Because we conclude that substantial evidence supported the adverse credibility determination on which the agency based its decision, Petitioner's request for withholding of removal necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006). Likewise, in light of the adverse credibility determination, and the absence of independent compelling evidence in the record,

3

we conclude that substantial evidence supports the IJ and BIA's decision to deny

CAT protection.

**PETITION DENIED**