**Rosmery ANDIA; Amilcar E. Torrez, Petitioners,**

v.

**John ASHCROFT, Attorney General \*, Respondent.**

**No. 02–70648.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 12, 2003.

Filed March 2, 2004.

---

\* We amend the caption to reflect that John Ashcroft, Attorney General, is the proper respondent pursuant to Fed. R.App. P. 43(c)(2). The Clerk shall amend the docket to reflect the above caption.

Susan E. Hill, Los Angeles, CA, for the petitioners.

Jennifer L. Lightbody, Office of Immigration Litigation, Washington, DC, for the respondent.

Before TASHIMA, BERZON, and CLIFTON, Circuit Judges.

## OPINION

PER CURIAM.

Petitioners Rosmery Andia and her son, Amilcar Torrez, were deported in absentia because they did not appear at their deportation hearing. They filed a motion to reopen, maintaining that they had not received notice of the hearing. The Immigration Judge (IJ) denied the motion on the ground that Andia and Torrez did not file their motion to reopen until seven months after they discovered the deportation order, and the Board of Immigration Appeals (BIA) approved the IJ's decision

as an appropriate exercise of discretion. Because the statute and regulations governing the timing of this suit allow appellants to seek reopening of an in absentia deportation order at "any time," 8 U.S.C. § 1252b(c)(3)(B) (1994), on lack-of-notice grounds, we grant the petition and remand for further proceedings.

## I

Rosmery Andia and her son entered the United States from Bolivia in October 1990 without inspection. On May 19, 1995, they filed an asylum application with the INS. The application was prepared by an immigration consultant[1] and represented that petitioners' address for the last five years was 2130 Crescent Avenue. Petitioners allege that they have never lived at that address, and that in fact the address was that of the immigration consultant.

The INS proceeded to send all correspondence to petitioners at the Crescent Avenue address, including the notice of their July 11, 1995, asylum interview. When petitioners did not appear at the interview, the INS commenced deportation proceedings by sending, via certified mail, Orders to Show Cause (OSCs) to petitioners, again at the Crescent Avenue address. The OSCs were accepted at that address; the return receipt was signed, apparently, "Egda Sanchez."

On January 19, 1996, the immigration court issued a notice of a deportation hearing scheduled for February 9, 1996. The notice was sent to petitioners—again via certified mail—on January 23, 1996, at the Crescent Avenue address. This notice was returned to the court, undelivered and bearing the stamp, "attempted/not known." When Petitioners failed to appear at the February 9 deportation hearing, the immigration judge entered an in absentia deportation order against both Andia and Torrez. According to Andia's testimony, she did not discover the deportation orders until August, 1996, when she contacted her "immigration consultant" regarding the status of her asylum application.

On March 5, 1997, Andia filed a motion to reopen her and her son's cases, seeking recision of the deportation orders and relief in the form of suspension of deportation and adjustment of status. Petitioners argued that they had not received notice of the hearing, and that the immigration court should therefore reopen their case pursuant to Section 242B(c)(3)(B) of the Immigration and Naturalization Act (the "Act" or "INA"), 8 U.S.C. § 1252b(c)(3)(B). The Immigration Judge (IJ) denied this motion, in part because petitioners had not explained the seven-month delay between discovering the deportation order and filing the motion to reopen.[2] Petitioners appealed this decision to the BIA, which held that the Immigration Judge acted within his discretion by denying the motion to reopen because petitioners did not file that motion for seven months. Petitioners now appeal the BIA's decision.[3]

---

1. There is ambiguity in the record about whether this consultant was one Carmen Bolanos or one Hector Marcos, and also about whether Bolanos was an employee of Marcos.

2. The IJ also stated that the Petitioners failed to make a prima facie case of eligibility for an adjustment of status and suspension of deportation. The BIA, in its decision on appeal, decided the IJ was in error in this regard, as petitioners are not required to establish a prima facie case for eligibility of relief from deportation to reopen in absentia proceedings.

3. The petitioners failed to appeal the BIA's denial of their motion to reconsider. Both the Supreme Court and this circuit have made clear that the BIA's denial of a motion to reconsider is a separate action that must be separately appealed for this court to have jurisdiction. See Stone v. INS, 514 U.S. 386, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995); Martinez–Serrano v. INS, 94 F.3d 1256 (9th Cir. 1996).

## II

■ We review a denial of a motion to reopen under an abuse of discretion standard, *Singh v. INS,* 213 F.3d 1050, 1052 (9th Cir.2000), and can overturn the BIA's ruling if the BIA acted "arbitrarily, irrationally, or contrary to law." *Id.* The BIA acts "arbitrarily" and "contrary to law" if it fails to apply and follow its own prior decisions. *Pazcoguin v. Radcliffe,* 292 F.3d 1209, 1215 (9th Cir.2002). In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency. If we conclude that the BIA's decision cannot be sustained upon its reasoning, we must remand to allow the agency to decide any issues remaining in the case. *INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

■ The statutory and regulatory provisions governing notice of deportation proceedings applicable to this case are those in effect in 1995, when the INS served the OSCs on petitioners. *See Lahmidi v. INS,* 149 F.3d 1011, 1014 (9th Cir.1998) (holding that both the order to show cause and the notice of hearing must have been served after the effective date of a new provision for the new provision to apply). The IJ in this case did not address the sufficiency of the notice under the applicable provisions. Instead, the IJ denied the petition in part on a ground disapproved by the BIA, and in part because it was filed, without explanation, more than seven months after petitioners learned of the in absentia order. Although the BIA briefly recited petitioners' argument, facts, and regulatory provisions applicable to the merits of the notice question, it did not resolve the lack-of-notice issue but instead upheld the IJ's denial of petitioners' motion to reopen on the basis that the IJ's dismissal on discretionary timeliness grounds was proper. As this reasoning is "contrary to law," *Pazcoguin,* 292 F.3d at 1215, we grant the

petition and remand for further proceedings.

The ground for petitioners' motion to reopen was that petitioners did not receive notice of either the OSCs or their deportation hearing. Section 1252b(c)(3)(B) of the Act provided that an in absentia deportation order may be rescinded "upon a motion filed at any time if the alien demonstrates that the alien did not receive notice in accordance with subsection (a)(2) of this section...." Neither the statute nor the BIA's interpretation of the statute—or any court of appeals opinion—limits this "any time" language by prescribing a cut off period after an alien learns of the deportation order. *See id.; In re Mancera–Monroy,* 22 I & N Dec. 79, 1998 WL 387601 *6 (BIA 1998) (finding that alien had not received notice of deportation hearing and therefore could move to reopen proceedings ten years after IJ found him deportable, without inquiring into when the alien learned of the deportation order); *In re A–A,* 22 I & N Dec. 140, 1998 WL 422064 *10 n. 4 (BIA 1998) (noting that "there is *no* statutory time limit for a motion to reopen to rescind an in absentia deportation order based on a claim that the alien did not receive proper notice of the scheduled hearing") (emphasis added). Further, the statutory timeliness provisions apply to any "claim" regarding inadequate notice. *Id.* Whether the claim turns out to be valid is a merits question, not a basis for determining which statutory timeliness provision governs. As there is no time limitation for motions to reopen in absentia orders based on lack of notice, the IJ could not create one as a matter of discretion.

■ The BIA's conclusion that the IJ retained discretion to deny their motion to rescind the order, even if petitioners received no proper notice of the deportation hearings, is also clearly contrary to our due process jurisprudence. *Dobrota v.*

*INS*, 311 F.3d 1206, 1210 (9th Cir.2002) ("Aliens facing deportation are entitled to due process under the Fifth Amendment to the United States Constitution, encompassing a full and fair hearing and notice of that hearing."); *Farhoud v. INS*, 122 F.3d 794, 796 (9th Cir.1997) ("The Due Process Clause protects aliens in deportation proceedings and includes the right to a full and fair hearing as well as notice of that hearing."). Had petitioners not received any notice satisfying constitutional requirements—actual *or* constructive—of the deportation proceedings, it would be a violation of their rights under the Fifth Amendment of the Constitution to deport them in absentia. Yet, the IJ did not decide any merits issue concerning the adequacy of the notice. He instead decided that lack of notice could be disregarded if the petitioner did not come forward soon enough once she learned of the deportation order. That is simply not the case. Any deportation without constitutionally adequate notice of the deportation hearing remains unconstitutional, whether protested in advance or not. The statutory provision permitting aliens to raise "at any time" lack of notice of a deportation hearing that resulted in an in absentia deportation order so recognizes.

Notably, the INS does not in this court defend the BIA's decision on the ground upon which it was based. Instead, the INS argues that the notice was in fact proper, and that the 180–day period of section 1252b(c)(3)(A), governing motions based on exceptional circumstances, therefore applies to this case. Petitioners argue otherwise, contending that under *In re G–Y–R*, 23 I & N Dec. 181 (BIA 2001), decided before the BIA's decision in this case, the notice of hearing was improper because petitioners never received *actual* notice of the requirement that they provide in writing their address and telephone number.

Under *Ventura*, we may not decide in the first instance whether petitioners' attempt to invoke section 1252b(c)(3)(B) fails on the merits because proper notice was provided, as opposed to on timeliness grounds. We know of no reason why the rule of *Ventura* should not be applied to arguments advanced by the INS which were not relied on by the BIA, as well as to those made by a petitioner, and the INS has not advanced any such reason. We therefore grant the petition with regard to the refusal on timeliness grounds to reach petitioners' asserted lack-of-notice basis for reopening and remand for consideration of the lack-of-notice question on its merits. As the lack-of-notice question is not properly before us for the reasons already stated, we do not address the INS's argument that petitioners may not raise their *In re G–Y–R* argument in this court as it was not properly exhausted before the BIA.

Because petitioners failed to petition for review of the BIA's denial of their motion to reconsider, this court may not review that decision. *See Stone v. INS*, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995).

The petition is GRANTED and the case is remanded to the BIA.