**Jose Eugenio GONZALEZ–CASTILLO; Ana Elizabeth Sosa–Guevara, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73457.

Agency Nos. A75–479–439, A75–473–792.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 21, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Carlos Vellanoweth, Vellanoweth & Gehart, LLP, Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS—District Counsel, Immigration and Naturalization Service, Seattle, WA, OIL, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

** This disposition is not appropriate for publication and may not be cited to or by the

Before REINHARDT, RYMER, and HAWKINS, Circuit Judges.

## MEMORANDUM**

Jose Eugenio Gonzalez–Castillo and Ana Elizabeth Sosa–Guevara, husband and wife and natives and citizens of Venezuela, petition for review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") order denying their applications for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the IJ's decision to the extent it was expressly adopted by the BIA, but are otherwise limited to reviewing the BIA's decision. *See Shah v. INS*, 220 F.3d 1062, 1067 (9th Cir.2000). We review for substantial evidence the BIA's factual determinations regarding eligibility for relief. *Ramos–Vasquez v. INS*, 57 F.3d 857, 861 (9th Cir. 1995). We deny in part and grant in part the petition for review and remand to the BIA for further proceedings.

We accept petitioners' testimony as true because the BIA did not make an explicit adverse credibility finding and instead denied relief on the merits. *See Kalubi v. Ashcroft*, 364 F.3d 1134, 1137 (9th Cir. 2004) ("Testimony must be accepted as true in the absence of an explicit adverse credibility finding.").

Substantial evidence does not support the BIA's finding that petitioners' receipt of numerous death threats and the burglary of their home failed to rise to the level of past persecution on account of political opinion. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000) (explaining that "repeated and especially menacing

courts of this circuit except as provided by 9th Cir. R. 36–3.

death threats can constitute a primary part of a past persecution claim" particularly when combined with other menacing conduct or mistreatment such as robbery, imprisonment, forcible recruitment, detention, interrogation, trespass or close confrontation). Prior to leaving Venezuela, petitioners were active members of, and very successful recruiters for, a political party known as COPEI, the primary opposition to the then-ruling Democratic Action Party ("DAP"). Two or three times per week, for over a year and a half, they received explicit threats—by phone and in the form of notes stuck to the door of their residence—threatening them with death unless they stopped working for COPEI. Their home was burglarized, ransacked and vandalized by a large group of paramilitary, and similar death threats were painted onto their walls. As a result, petitioners were driven from their home into that of relatives, who were then threatened as well. Petitioners were followed and intimidated. Sosa–Guevara was eventually forced to move every few days and to quit her job. She testified that she still requires medication to treat the psychological trauma she suffered as a result of these events. Accordingly, we conclude that petitioners proved that they suffered past persecution on account of their political opinion. *See Ruano v. Ashcroft,* 301 F.3d 1155, 1160–61 (9th Cir.2002) (finding past persecution based on multiple death threats and close confrontation with persecutors); *Reyes–Guerrero v. INS,* 192 F.3d 1241, 1246 (9th Cir.1999) (finding past persecution based on multiple death threats and bribery attempt).

The government contends that, even if these events rise to the level of persecution, petitioners failed to prove the identity of their persecutors. However, the BIA adopted the IJ's reasoning, and the IJ found that petitioners did not establish past persecution "even assuming" that members of a DAP-backed paramilitary were responsible for the threats and the burglary. Accordingly, because the issue of the identity of the persecutors was not a basis for the IJ's or the BIA's denial of relief, we will not deny the petition for review on this ground. *See Andia v. Ashcroft,* 359 F.3d 1181, 1184 (9th Cir.2004) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency."); *Navas v. INS,* 217 F.3d 646, 658 n. 16 (9th Cir.2000) ("this court cannot affirm the BIA on a ground upon which it did not rely").[1]

Petitioners' due process claims fail because they did not show prejudice resulting from the IJ's decision not to allow closing argument, the BIA's failure to discuss certain case law in its decision, or the BIA's grant of voluntary departure. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000). Because the BIA provided an adequate statement of its reasons for denying relief, we also reject petitioners' contention that the case should be remanded to the BIA for clarification of its decision. *See Ghaly v. INS,* 58 F.3d 1425, 1430 (9th Cir.1995).

Because petitioners established past persecution, they are entitled to a presumption that they have a well-founded fear of future persecution, as well as a presumption of eligibility for withholding of removal. *See Baballah v. Ashcroft,* 367

---

1. In any event, to the extent the IJ found that petitioners did not establish the source of their persecution, this finding was based on an adverse credibility finding. Because the BIA accepted petitioners' testimony as credible, and petitioners testified that the methods of their mistreatment were consistent with the DAP's well-known modus operandi, there is evidence in the record that they were persecuted by a DAP-backed paramilitary.

F.3d 1067, 1079 (9th Cir.2004); 8 C.F.R. § 208.13(b)(1). Accordingly, we remand to the BIA for a determination whether the government has met its burden of rebutting those presumptions on an individualized basis, including evidence of changed country conditions. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam); *Navas,* 217 F.3d at 662.

**PETITION FOR REVIEW DENIED IN PART and GRANTED IN PART; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.