Laith George MOUSA, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–71705.

United States Court of Appeals, Ninth Circuit.

Argued Oct. 16, 2007.

Resubmitted June 26, 2008.

Filed June 26, 2008.

Douglas D. Nelson, Law Office of Alejandro Campillo, San Diego, CA, for Petitioner.

District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ian D. Hoffman, DOJ–U.S. Department of Justice, Cleveland, OH, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: PREGERSON, HAWKINS, and FISHER, Circuit Judges.

MEMORANDUM *

Laith George Mousa ("Mousa"), a native and citizen of Iraq, petitions for review of the Board of Immigration Appeals' ("BIA") order that denied his application for asylum and withholding of removal.[1] The parties are familiar with the facts of this case, and we repeat them only to the extent necessary for our disposition. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition and remand.

Mousa is a Chaldean Christian who lived in Iraq before fleeing to the United States in 2001. He testified that he and his family members suffered multiple incidents of abuse at the hands of Ba'ath Party officials. Specifically, he and his sister were imprisoned in a Ba'ath Party compound for forty-seven days.

■ The IJ did not find Mousa's testimony credible. However, the BIA reversed the IJ's adverse credibility finding, implicitly holding that Mousa had established past persecution. The burden thus shifted to the government to establish a change in circumstances in Iraq such that Mousa would no longer have a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1)(ii). The IJ determined, and the BIA agreed, that the presumption of a well-founded fear was rebutted by changed country conditions. This determination, however, was not supported by the evidence in the record.

Our case law requires that "the BIA ... provide an 'individualized analysis of how changed conditions will affect the specific petitioner's situation.'" *Lopez v. Ashcroft*, 366 F.3d 799, 805 (9th Cir.2004) (quoting *Borja v. INS.*, 175 F.3d 732, 738 (9th Cir. 1999) (en banc)). Moreover, " '[i]nformation about general changes in the country

is not sufficient.' " *Rios v. Ashcroft*, 287 F.3d 895, 901 (9th Cir.2002) (quoting *Garrovillas v. INS*, 156 F.3d 1010, 1017 (9th Cir.1998)). Here, neither the IJ nor the BIA conducted an individualized analysis of how the changes in Iraq would affect Mousa specifically. Instead, they made broad, speculative statements about the state of post-invasion Iraq without citing to any supporting evidence. Significantly, the government's evidence consisted only of newspaper articles addressing general conditions in Iraq. Only a few of these articles discuss the potential effects of the invasion on the religious persecution of Chaldean Christians, and they contain contradictory conclusions. Thus, these articles hardly could have provided the IJ or the BIA with the evidence necessary to determine how the changes in Iraq would eliminate Mousa's fear of future persecution as a Chaldean Christian from Alqosh. Accordingly, we conclude that the BIA erred when it found that the presumption of Mousa's well-founded fear of future persecution had been rebutted.

■ We also conclude that the BIA erred when it found in the alternative that Mousa could reasonably relocate within Iraq. In cases where an asylum applicant has established past persecution, it must be presumed that internal relocation would not be reasonable, unless the government establishes by a preponderance of the evidence that, under all the circumstances, it would be reasonable for the applicant to relocate. *See* 8 C.F.R. § 1208.13(b)(3)(ii). Here, the IJ concluded, and the BIA agreed, that Mousa could safely relocate to northern Iraq. This conclusion, however, is also not supported by any evidence. It ignores Mousa's credible testimony that if

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Mousa concedes that he is not eligible for relief under the Convention Against Torture.

he had remained in northern Iraq, his family would have been harmed. Furthermore, the government's own evidence about post-invasion turmoil in Iraq indicates that certain relevant statutory factors which the BIA ignored—such as "ongoing civil strife within the country," and "administrative, economic, or judicial infrastructure," 8 C.F.R. § 1208.13(b)(3)— weigh in Mousa's favor. Given these circumstances, the BIA's determination that Mousa could safely relocate within Iraq was also not supported by substantial evidence.

The government failed to rebut Mousa's well-founded fear of future persecution or to show that Mousa could relocate within Iraq. We therefore find Mousa statutorily eligible for asylum and remand this case so that the Attorney General may exercise his discretion on Mousa's asylum claim. *See Ali v. Ashcroft,* 394 F.3d 780, 788 (9th Cir.2005). We also remand Mousa's claim for withholding of removal. The BIA, however, need not reach that claim if the Attorney General exercises his discretion on asylum in Mousa's favor.

Finally, Mousa argues that the BIA erred in denying his motion to reopen and remand, filed pursuant to 8 C.F.R. § 1003.2(c)(1). However, Mousa did not file a separate petition for review of the BIA's denial of his motion. Therefore, the panel lacks jurisdiction to review that denial here. *See, e.g., Andia v. Ashcroft,* 359 F.3d 1181, 1183 n. 3 (9th Cir.2004) (per curiam) (noting that the BIA's denial of a motion to reconsider is a separate action that must be separately appealed for this court to have jurisdiction); *Youkhana v. Gonzales,* 460 F.3d 927, 933–34 (7th Cir. 2006) (finding that where a petitioner has failed to file a petition for review of a motion to reopen after having already filed a petition for review of the BIA's decision on the merits, the court lacks jurisdiction over the BIA's denial of the motion to reopen).

We **GRANT** the petition and **REMAND** to the BIA for further proceedings consistent with this disposition.