**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YIZHONG CHEN,<br><br>　　　　　Petitioner,<br><br>v.<br><br>ERIC H. HOLDER JR., Attorney General,<br><br>　　　　　Respondent. | No. 10-72495<br><br>Agency No. A099-042-202<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 13, 2013
Honolulu, Hawaii

Before: GRABER, BYBEE, and CHRISTEN, Circuit Judges.

　　Yizhong Chen petitions for review of the Board of Immigration Appeals'

("BIA's") denial of asylum and withholding of removal. Reviewing legal

questions de novo, Mendoza-Pablo v. Holder, 667 F.3d 1308, 1312 (9th Cir. 2012),

and factual findings for substantial evidence, Morgan v. Mukasey, 529 F.3d 1202,

1206 (9th Cir. 2008), we grant in part and dismiss in part the petition.

---

　　* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1. As to Petitioner's asylum claim, the BIA found that Petitioner had failed to demonstrate, by clear and convincing evidence, that he had filed his application within one year of the date of his arrival, as required by 8 U.S.C. § 1158(a)(2)(B). We lack jurisdiction to review the BIA's evaluation of conflicting evidence regarding the date of Petitioner's arrival in the United States in reaching that factual determination. Singh v. Holder, 649 F.3d 1161, 1163 (9th Cir. 2011) (en banc). We therefore dismiss the petition with respect to Petitioner's asylum claim.

2. As to Petitioner's claim for withholding of removal, we are unable to review the BIA's decision because it is so ambiguous that the ground of decision is unclear.[1] See Andia v. Ashcroft, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency."); see also SEC v. Chenery Corp., 332 U.S. 194, 196 (1947). We therefore grant the petition in part and remand for reconsideration of Petitioner's claim for withholding of removal.

DISMISSED IN PART; GRANTED AND REMANDED IN PART. The parties shall bear their own costs on appeal.

---

[1]Although Petitioner does not assert a claim under the Convention Against Torture before this court, we note that the BIA's treatment of that issue is an example of its failure to explain its decision clearly. In a footnote, the BIA initially stated that Petitioner did not seek CAT protection. On the following page, however, the BIA stated that Petitioner had failed to meet his burden of establishing such a claim on the merits.