**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAFAEL GONZALEZ-OVANDO, | No. 12-72406 |
| Petitioner, | Agency No. A098-034-017 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014[**]

Before:     CLIFTON, BEA, and WATFORD, Circuit Judges.

Rafael Gonzalez-Ovando, a native and citizen of Mexico, petitions for

review of an order of the Board of Immigration Appeals ("BIA") dismissing his

appeal from a decision of an immigration judge ("IJ") denying his application for

cancellation of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo due process claims. *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Gonzalez-Ovando's due process challenge to the IJ's exclusion of his wife's corroborative testimony fails because Gonzalez-Ovando did not establish that the testimony would have altered the BIA's determination that his own version of events, when accepted as true, did not demonstrate the good moral character necessary for cancellation of removal. *See id.* ("In order to prevail on [a due process] claim, the alien . . . must show prejudice, 'which means that the outcome of the proceeding may have been affected by the alleged violation.'" (citation omitted)); *see also Pagayon v. Holder*, 675 F.3d 1182, 1192 (9th Cir. 2011) (rejecting a due process claim for lack of prejudice upon identifying "no connection between" an IJ's refusal to hear corroborative testimony "and the outcome of the proceeding," where the IJ's acceptance of the petitioner's version of the facts made corroboration "not necessary").

We lack jurisdiction to review the agency's discretionary determination that Gonzalez-Ovando failed to demonstrate the requisite good moral character, *see Lopez-Castellanos v. Gonzales*, 437 F.3d 848, 854 (9th Cir. 2006), and he raises no colorable question of law that would invoke our jurisdiction in this regard, *see*

*Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009) ("To be colorable in this context, . . . the [question of law] must have some possible validity.").

Finally, because the BIA denied Gonzalez-Ovando's cancellation request due solely to his lack of good moral character, we may not review Gonzalez-Ovando's contentions regarding hardship. *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**