**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JUAN CARLOS TAMARA, | No. 13-72345 |
| Petitioner, | Agency No. A070-186-346 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 2, 2016[**]
Pasadena, California

Before: REINHARDT, KOZINSKI, and WARDLAW, Circuit Judges.

Juan Carlos Tamara petitions for review of a Board of Immigration Appeals

("BIA") decision finding him ineligible for cancellation of removal. We have

jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition and remand this

case to the BIA for further proceedings.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The BIA erred in concluding that Tamara was ineligible for cancellation of removal on the mistaken ground that the petty offense exception was inapplicable because Tamara had two convictions. First, the petty offense exception applies where, among other factors, the non-citizen applying for cancellation of removal has been convicted of only one crime involving moral turpitude. *See* 8 U.S.C. § 1182(a)(2)(A)(ii); *Castillo-Cruz v. Holder*, 581 F.3d 1154, 1161–62 (9th Cir. 2009). The BIA found Tamara ineligible for the petty offense exception solely on the basis of the two prior convictions; it failed to address whether both of those convictions were for crimes involving moral turpitude. Second, if the petty offense exception applies, the stop time rule does not apply. *Castillo-Cruz*, 581 F.3d at 1162. Because the BIA erred in applying the petty offense exception, it also failed to adequately analyze the stop time rule.

We review the BIA's decision only on the grounds the Board itself invoked. *See INS v. Orlando Ventura*, 537 U.S. 12, 16–17 (2002); *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam). Because "the BIA's decision cannot be sustained upon its reasoning, we must remand to allow the agency to decide any issues remaining in the case." *Andia*, 359 F.3d at 1184.

**PETITION GRANTED; REMANDED.**