**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAR 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MILTON EDUARDO RODAS QUEZADA,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

No.    13-70568

Agency No. A094-328-887

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2018**

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Milton Eduardo Rodas Quezada, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

application for asylum, withholding of removal, and protection under the

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

The agency did not err in concluding that Rodas Quezada failed to establish extraordinary circumstances so as to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(5). We do not address Rodas Quezada's contention as to changed circumstances because the agency did not address it. *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency."). Thus, we deny the petition for review as to Rodas Quezada's asylum claim.

Substantial evidence supports the agency's determination that Rodas Quezada did not sufficiently corroborate his claims. *See Aden v. Holder*, 589 F.3d 1040, 1046 (9th Cir. 2009) (record did not compel the conclusion that petitioner's corroborative evidence satisfied his burden of proof). We reject Rodas Quezada's contention that the REAL ID Act does not apply to his application for relief. *See* REAL ID Act of 2005, Pub. L. 109-13, 19 Stat. 231 (2005) (REAL ID Act amendments apply to applications for asylum, withholding of removal, and CAT relief made on or after the effective date of enactment, May 11, 2005). Thus we deny the petition for review as to Rodas Quezada's withholding of removal claim.

13-70568

Finally, substantial evidence also supports the agency's denial of CAT relief because Rodas Quezada failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden*, 589 F.3d at 1047.

**PETITION FOR REVIEW DENIED**.