NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 1 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THANH NGUYEN, | No. 16-73996 |
| Petitioner, | Agency No. A205-648-646 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 4, 2019[**]
Seattle, Washington

Before: GOULD and PAEZ, Circuit Judges, and BASHANT,[***] District Judge.

Thanh Nguyen petitions for review of the decision of the Board of

Immigration Appeals ("BIA") dismissing his appeal. The BIA affirmed the

immigration judge ("IJ")'s ruling denying Nguyen's motion to amend his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Cynthia A. Bashant, United States District Judge for the Southern District of California, sitting by designation.

pleadings,[1] finding him ineligible for adjustment of status, and ordering his removal. We have jurisdiction under 8 U.S.C. § 1252, and we review the BIA's and the IJ's decisions, to the extent the BIA incorporated parts of the IJ's decision as its own. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011). We grant in part and deny in part the petition, and remand.

**1.** We first reject Nguyen's contention that the IJ erred by considering and relying on the Department of Homeland Security ("DHS")'s opposition to his motion. DHS timely filed its opposition, and served it on counsel by email. Nguyen does not contend that he never actually received DHS's opposition; rather, he objects to the manner of service. While the relevant regulations do not provide for electronic service of filings, *see* 8 C.F.R. § 1003.32(a), Nguyen has not shown that DHS's actions prejudiced him. *See Gomez-Velazco v. Sessions*, 879 F.3d 989, 993 (9th Cir. 2018). DHS submitted no evidence with its opposition and the IJ provided his own reasons for denying Nguyen's motion. *See* 8 C.F.R. § 1003.10(b). Moreover, Nguyen does not identify what he or his counsel would have done if DHS had served its opposition in compliance with § 1003.32(a).

---

[1] We use "pleadings" to refer to an individual's response to DHS's allegations in the notice to appear, i.e. DHS's charging document. *See Santiago-Rodriguez*, 657 F.3d at 829 (describing how the IJ must require the individual "to plead to the notice to appear by stating whether he or she admits or denies the factual allegations and his or her removability under the charges contained therein." (internal quotation marks omitted)). Pleadings are usually made on the record when the individual first appears for his or her removal proceedings.

2

Because Nguyen has not shown how email service impacted his proceedings, he has failed to establish either a due process violation or an abuse of discretion. *Cf. Kohli v. Gonzales*, 473 F.3d 1061, 1068–70 (9th Cir. 2007).

**2.** We do, however, agree that the agency abused its discretion in denying Nguyen's motion to amend his pleadings. At Nguyen's second master calendar hearing, his counsel admitted to the factual allegations in the notice to appear and conceded that Nguyen was removable under 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without being admitted or paroled. Nguyen would normally be bound by his counsel's admissions since those admissions were distinct, formal and made as a tactical decision by an attorney acting in a professional capacity. *Santiago-Rodriguez*, 657 F.3d at 830. Three types of "egregious circumstances," however, may excuse an individual in removal proceedings from being bound by his counsel's prior admissions: where binding the individual would produce an "unjust result"; where the admission was "untrue or incorrect"; or, where the admission was the result of ineffective assistance of counsel. *Id*. at 831–32. Nguyen's case implicates the second type.

Nguyen alleges that he entered the United States from Germany by airplane in February 2002 using a false passport and that an immigration officer at the Dallas, Texas airport waved him through inspection without question. DHS presented no evidence to rebut these factual allegations. In denying the motion to

amend pleadings, the IJ made no credibility findings, adverse or otherwise. Although the IJ described Nguyen's declaration as "self-serving," the statute requires IJs to make explicit adverse credibility findings, supported by "specific and cogent reasons." *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010) (quotation omitted). The BIA was prohibited from making findings of fact related to credibility. *See* 8 C.F.R. § 1003.1(d)(3)(i). We therefore must treat Nguyen's factual allegations as credible. *See* 8 U.S.C. § 1229a(c)(4)(C); *Dai v. Sessions*, 884 F.3d 858, 868–70 (9th Cir. 2018).

Assuming Nguyen's allegations as true, then he was in fact "inspected and admitted" for purposes of the Immigration and Nationality Act. *Saldivar v. Sessions*, 877 F.3d 812, 814–15 (9th Cir. 2017); *Matter of Quilantan*, 25 I. & N. Dec. 285, 293 (BIA 2010). It makes no difference that Nguyen presented a false passport when seeking admission. *See Hing Sum v. Holder*, 602 F.3d 1092, 1093–94, 1100–01 (9th Cir. 2010). If Nguyen was inspected and admitted, then his counsel's admission to factual allegation four in the notice to appear and concession to the charge of removability were incorrect. This therefore constitutes an "egregious circumstance" and warrants relieving Nguyen of his counsel's prior admissions. *Santiago-Rodriguez*, 657 F.3d at 834. Under these circumstances, the BIA erred in affirming the IJ's denial of Nguyen's motion to amend his pleadings. *See id*. at 836.

4

Because we grant the petition in part and remand for further proceedings, we need not reach Nguyen's final claim that the agency erred by concluding that he is not eligible for adjustment of status. *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam). On remand, the IJ should provide Nguyen the opportunity to amend his pleadings and should determine whether he qualifies for adjustment of status under 8 U.S.C. §§ 1255(a) and (e)(3). If DHS contests Nguyen's eligibility, the IJ may resolve any disputed facts at an evidentiary hearing. *See Cortez-Pineda v. Holder*, 610 F.3d 1118, 1120–21 (9th Cir. 2010).

Petition **GRANTED IN PART, DENIED IN PART** and **REMANDED**. Each party shall bear its own costs.