NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FUYONG CUI,

          Petitioner,

v.

WILLIAM P. BARR, Attorney General,

          Respondent.

No.   17-71133

Agency No. A099-066-928

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 2, 2020[**]
Pasadena, California

Before: BEA and BADE, Circuit Judges, and DRAIN,[***] District Judge.

Petitioner Fuyong Cui ("Petitioner"), a native and citizen of China, petitions

for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

from an Immigration Judge's ("IJ") final order of removal. Petitioner argues the BIA erred in denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Petitioner claims to fear harm because he protested corruption involving his employer, a company owned by the Chinese state. We have jurisdiction under 8 U.S.C. § 1252. We deny Petitioner's petition for review.

This court reviews the agency's factual findings for substantial evidence. *Sinha v. Holder*, 564 F.3d 1015, 1020 (9th Cir. 2009). Substantial evidence means the factual finding is "supported by reasonable, substantial, and probative evidence in the record." *Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir. 2003). Under the substantial evidence standard, this court "may only reverse the agency's determination where 'the evidence compels a contrary conclusion from that adopted by the BIA.'" *Parada v. Sessions*, 902 F.3d 901, 908–09 (9th Cir. 2018) (quoting *Afriyie v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010)).

An applicant for asylum must show that he "is unable or unwilling to return to . . . [the country of his nationality] because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Petitioner applied for asylum based on past persecution and fear of persecution.

Petitioner testified the police arrested him on January 17, 2005 while he was participating in a protest against corruption at, and involving, his government owned company. The police detained him overnight, kicked him, punched his face causing a tooth to fall out, and warned him not to participate in protests. Petitioner testified he returned to his job at the company and then helped organize another protest on January 31, 2005. This second demonstration was to protest embezzlement at the company and the death of the leader of the prior protest. Police arrived at the protest and beat the protesters, during which police struck Petitioner several times with a baton and shocked him once with an electric baton, so Petitioner fled to his aunt's home.

These instances do not rise to the level of persecution, either individually or in aggregate. *See Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006) (a single incident of detention during which Gu was struck in the back with a rod, required to report to police four or five times thereafter, and his employer warned him against engaging in illegal activities but allowed him to return to his job without negative consequences, was not persecution); *Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir. 1995) (being detained in a police cell for four to six hours, hit in the stomach, kicked from behind, and interrogated, but not charged, then released, and not detained again, is harassment but does not constitute persecution); *cf. Guo* v. *Ashcroft,* 361 F.3d 1194, 1197–98 (9th Cir. 2004) (being subjected to an arrest and

3

fifteen day detention, beatings, kicks, and shocks with an electrically-charged baton, does constitute persecution).

Petitioner also testified his employer fired him in retaliation for Petitioner's participation in the protests. The IJ and BIA correctly determined this incident does not rise to the level of economic persecution. *Gormley v. Ashcroft*, 364 F.3d 1172, 1178–79 (9th Cir. 2004) (Petitioner, who lost his job and alleged race-based economic persecution arising from law that gave job preference to members of another race, did not establish substantial economic disadvantage rising to the level of persecution without evidence that similarly situated persons were unable to retain employment or find other work).

Petitioner also applied for asylum based on his fear of future harm rising to the level of persecution. Because Petitioner did not establish that he had been persecuted in the past, he is not entitled to a presumption of future persecution. *Zhao v. Mukasey*, 540 F.3d 1027, 1029 (9th Cir. 2008). Petitioner lived in China for several weeks following his arrests, was able to travel safely between Tianjin and Beijing multiple times, and was able to obtain a visa and leave China using his own passport. Petitioner has not shown he had a well-founded fear of future persecution. *See Prasad*, 47 F.3d at 340 (determining the petitioner failed to establish a well-founded fear of future persecution based on an incident which did not establish past persecution). The BIA's conclusion that Petitioner neither

4

established that he experienced past persecution nor presented objective evidence of a well-founded fear of future persecution is supported by substantial evidence.

Petitioner applied for withholding of removal based on past persecution and the "clear probability" of future persecution. As discussed above, Petitioner did not establish that he experienced past persecution. The "clear probability of persecution" standard for eligibility for withholding of removal is more stringent than the "well-founded fear of persecution" standard for eligibility for asylum. *See Fisher v. INS*, 79 F.3d 955, 961 (9th Cir. 1996) (en banc); *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006); *Halim v. Holder*, 590 F.3d 971, 976 (9th Cir. 2009) ("[E]ven a ten percent chance of persecution may establish a well-founded fear.") (alteration in original) (quoting *Al-Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001)). Petitioner did not establish a well-founded fear of future persecution, and he has not met the clear probability standard required for withholding of removal. Substantial evidence supports the BIA's decision that Petitioner did not show he had a clear probability of harm rising to the level of persecution if returned to China.

Petitioner applied for relief under CAT, arguing it is more likely than not that he will be tortured if he is returned to China. Petitioner did not provide record evidence that he would be subject to torture if removed to China. *See Wakkary v. Holder*, 558 F.3d 1049, 1068 (9th Cir. 2009) (denying a petition for review related

5

to a CAT claim where the petitioner did not provide evidence he was likely to be tortured by the military or police he claimed to fear). Substantial evidence in the record supports the BIA's findings that Petitioner did not show he would more likely than not be tortured by or with the acquiescence of the Chinese government if returned to China. The record does not compel a conclusion contrary to the agency's conclusion.

The BIA addressed the merits of Petitioner's claims in dismissing his appeal, so this court does not discuss the IJ's adverse credibility finding, on which the BIA did not rely. *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency.").

**PETITION FOR REVIEW DENIED.**