**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 8 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GURBHAG SINGH SANDHU,

          Petitioner,

  v.

ROBERT M. WILKINSON, Acting
Attorney General,

          Respondent.

No.   15-72932

Agency No. A200-943-694

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 1, 2021[**]
San Francisco, California

Before: IKUTA and NGUYEN, Circuit Judges, and EATON,[***] Judge.

    Gurbhag Singh Sandhu, a native and citizen of India, applied for asylum,

withholding of removal, and protection under the Convention Against Torture

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]   Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

(CAT). After making an adverse credibility determination, the Immigration Judge (IJ) denied all relief, and the Board of Immigration Appeals (BIA) dismissed Sandhu's subsequent appeal. Sandhu now petitions for review. We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

1. Sandhu challenges the agency's adverse credibility finding. We review credibility determinations for substantial evidence. *See Bassene v. Holder*, 737 F.3d 530, 536 (9th Cir. 2013). In reviewing the BIA's decision, "we consider only the grounds relied upon by that agency." *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (quoting *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam)).

Substantial evidence supports the agency's adverse credibility finding. First, during a sworn interview with Border Patrol, Sandhu claimed fear of an individual named Jaspal Singh but disavowed this fear during his Credible Fear Interview. *Sarvia-Quintanilla v. INS*, 767 F.2d 1387, 1393 (9th Cir. 1985) (finding that lying under oath to immigration officials supported an adverse credibility finding). Sandhu had a reasonable opportunity to explain his misrepresentation during cross examination when he testified that he feared Border Patrol officials because of his past interaction with Indian police. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007) (finding the noncitizen had a reasonable opportunity to explain where she "tried to explain the numerous inconsistencies" but "[t]he IJ ultimately

2

found these explanations insufficient").

Second, Sandhu did not disclose being attacked by the police while engaging in political protest in his Credible Fear Interview or asylum application.[1] Substantial evidence supports the adverse credibility finding based on these facts because they added "great weight to his claim of political persecution." *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). Sandhu argues that an adverse credibility finding cannot be based on these omissions because it is unclear whether he was physically beaten by the police. However, the agency's decision does not turn on whether Sandhu suffered physical blows, but on his failure to mention being a part of a group attacked by the police, an event serious enough to motivate him to flee his village.

2. The BIA did not engage in impermissible factfinding by upholding the IJ's credibility determination based only on Sandhu's fabricated Jaspal Singh story and omission of the police attack from his Credible Fear Interview and asylum application. These inconsistencies are of "great weight" in the credibility determination. *See Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010). Indeed, the IJ identified these inconsistencies as the "most concerning" part of

---

[1] Because Sandhu's misrepresentation regarding Jaspal Singh and his failure to mention the police attack in his Credible Fear Interview and asylum application are sufficient to uphold the adverse credibility determination, we do not reach Sandhu's challenges to the BIA's reliance on his failure to mention the police attack during his Border Patrol interview.

Sandhu's testimony. It was therefore proper for the BIA to uphold the IJ's credibility determination.

3. Sandhu argues that record country conditions compel the conclusion that he will be tortured in India, entitling him to protection under the CAT. We review factual findings underlying denial of relief under CAT for substantial evidence. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir. 2003). While the country conditions evidence documents police abuse in India, including toward Mann party members, it does not compel the conclusion that Sandhu himself will be the target of police torture. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006) (finding that, "[a]lthough the reports confirm that torture takes place in Yemen, they do not compel the conclusion that [the noncitizen] would be tortured if returned"). Therefore, substantial evidence supports denial of CAT protection.

**PETITION DENIED.**