NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YONGHUI LIN,<br><br>        Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No.   15-72911<br><br>Agency No. A089-795-827<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 8, 2021**
Portland, Oregon

Before: W. FLETCHER, IKUTA, and BRESS, Circuit Judges.

Yonghui Lin, a citizen of China, petitions for review of a Board of Immigration Appeals (BIA) decision dismissing his appeal of an immigration judge (IJ) order denying his requests for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Lin challenges only the denial of his asylum

---

    * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    ** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

claim. We review for substantial evidence and may grant relief only if the record compels a contrary conclusion. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). We have jurisdiction under 8 U.S.C. § 1252 and deny Lin's petition.

Assuming without deciding that Lin testified credibly, substantial evidence supports the IJ and BIA's determination that Lin had not met his burden of demonstrating past persecution or a well-founded fear of future persecution. 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(B)(i). The BIA permissibly concluded that Lin had not suffered past persecution. Persecution is an "extreme concept" that "does not include every sort of treatment our society regards as offensive." *Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006) (quotations omitted). Lin was assaulted once, but there is no indication of the severity of the beating, and Lin was not detained. And while he endured threats, the threats were not fulfilled. *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021) (citing *Lim v. I.N.S.*, 224 F.3d 929, 932 (9th Cir. 2000)) ("Mere threats, without more, do not necessarily compel a finding of past persecution."). Considering all aspects of Lin's experience in China cumulatively, *see Sharma v. Garland*, 9 F.4th 1052, 1063–65 (9th Cir. 2021), the record does not compel a finding of past persecution.

In addition, substantial evidence supports the IJ and BIA's determination that Lin did not demonstrate a well-founded fear of future persecution on account of a protected ground. Lin claims that he would be arrested and imprisoned if returned

2

to China, but the record does not compel the conclusion that his fear is objectively reasonable. *See Nagoulko v. I.N.S.*, 333 F.3d 1012, 1018 (9th Cir. 2003) (concluding that speculative fear of future harm cannot form the basis of an asylum claim). When questioned about his admission that he was not arrested or harassed in the three months that he remained in China following the altercation with officials, Lin admitted he did not know why he now would be persecuted if he were now to return to China some eleven years later. Thus, substantial evidence supports the determination that Lin has not established a well-founded fear of future persecution.[1]

**PETITION DENIED.**

---

[1] The IJ found that Lin was also ineligible for asylum because he had firmly resettled in Mexico. While Lin challenges the IJ's resettlement decision, that issue is not before us because the BIA did not adopt this portion of the IJ's decision. *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency.").