**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 3 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

XUAN WANG,

                    Petitioner,

    v.

MERRICK B. GARLAND, Attorney
General,

                    Respondent.

No. 19-73323

Agency No. A205-182-318

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 9, 2021
Pasadena, California

Before:  W. FLETCHER and RAWLINSON, Circuit Judges, and LIBURDI,**
District Judge.

    Petitioner Xuan Wang ("Wang") petitions for review of the Board of

Immigration Appeals's ("BIA") denial of her appeal from an Immigration Judge's

---

    *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **      The Honorable Michael T. Liburdi, United States District Judge for
the District of Arizona, sitting by designation.

("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Wang claimed that she fled from China to the United States because she was arrested and beaten for her participation in a Christian home church.

The IJ denied her applications for relief based on an adverse credibility determination against Wang. The IJ found Wang's "testimony, in conjunction with her declaration, contained notable inconsistencies and lacked corroborative evidence." The IJ also denied Wang's application for relief under CAT because it depended on the same implausible testimony and because, in the alternative, her experiences did not rise to the level of torture.

The BIA denied Wang's appeal. It affirmed the IJ's adverse credibility determination on three grounds: (1) "implausibility and inconsistency in [Wang's] testimony regarding her mother paying for her arrangements to travel to the United States," (2) "inconsistency and implausibility in her testimony regarding why she obtained a passport in 2011," and (3) "her failure to adequately corroborate her testimony, in particular with respect to her religious practices in the United States."

We have jurisdiction to review Wang's petition for review under 8 U.S.C. § 1252(a)(1).

2

Our review is limited to "only the grounds relied upon" by the BIA and does not encompass additional grounds relied upon by the IJ. *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (quoting *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam)). Factual findings made by the BIA, such as adverse credibility rulings, are reviewed for substantial evidence and are upheld unless the evidence compels a contrary result. *Hoque v. Ashcroft*, 367 F.3d 1190, 1194 (9th Cir. 2004). To review an adverse credibility finding, we consider "the totality of the circumstances[] and all relevant factors." *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (alteration in original) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

Here, considering the totality of the three grounds on which the BIA relied to support its adverse credibility finding, the BIA's finding is supported by substantial evidence. We therefore deny Wang's petition for review of her applications for asylum, withholding of removal, and relief under CAT.

**DENIED.**