**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

LI YANG,

            Petitioner,

v.

PAMELA BONDI, Attorney General,

            Respondent.

No. 23-4295

Agency No.
A220-742-002

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2025[**]
Pasadena, California

Before: PAEZ and R. NELSON, Circuit Judges, and LASNIK, District Judge.[***]

Li Yang, a native and citizen of China, petitions for review of a Board of

Immigration Appeals ("BIA") decision dismissing her appeal from the Immigration

Judge's ("IJ") order denying asylum, withholding of removal, and protection under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

the regulations implementing the Convention Against Torture ("CAT"). Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition for review.

"Our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Singh v. Garland*, 57 F.4th 643, 651 (9th Cir. 2023) (quoting *Khudaverdyan v. Holder*, 778 F.3d 1101, 1105 (9th Cir. 2015)). Where the IJ's opinion is expressly adopted, we review the IJ's decision as if it were the BIA's. *Abebe v. Gonzales*, 432 F.3d 1037, 1039 (9th Cir. 2005) (en banc). We review legal conclusions de novo and factual findings for substantial evidence. *Id.* at 1039–40. Substantial evidence does not exist when any reasonable adjudicator would be compelled to conclude to the contrary based on the evidence in the record. *See* 8 U.S.C. § 1252(b)(4)(B).

1. Because the BIA assumed that Yang testified credibly, we do not consider Yang's arguments addressing the IJ's adverse credibility determination. *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency.").

2. Substantial evidence supports the IJ's finding, adopted and affirmed by the BIA, that Yang failed to show either past persecution or a well-founded fear of future persecution. "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Fon v. Garland*, 34 F.4th 810, 813 (9th Cir. 2022) (quoting *Ghaly v. I.N.S.*, 58 F.3d 1425, 1431 (9th Cir. 1995)).

23-4295

a. To show past persecution, Yang pointed to the single beating she received from a gang, threats she said the gang made to call the police, and the implicit threat contained in a notice of administrative punishment. Comparing the beating in Yang's case to beatings in other cases, the IJ found Yang's situation most similar to that of the petitioner in *Gu v. Gonzales*, where a single detention by authorities who hit Gu with a rod ten times did not amount to past persecution. 454 F.3d 1014, 1017–21 (9th Cir. 2006). Although there are some differences between the facts in *Gu* and the facts here, the IJ's finding of no past persecution, as adopted and affirmed by the BIA, is supported by substantial evidence. *See id.* at 1020 (contrasting the "repeated, lengthy and severe harassment" that compelled the reversal of the BIA's finding of no past persecution in *Guo v. Ashcroft*, 361 F.3d 1194 (9th Cir. 2004), with the "single, isolated encounter" that did not compel the reversal of the BIA's finding of no past persecution in *Prasad v. I.N.S.*, 47 F.3d 336, 340 (9th Cir. 1995)). In addition, substantial evidence supports the IJ's finding that Yang reported only unfulfilled threats. *See Lim v. I.N.S.*, 224 F.3d 929, 936 (9th Cir. 2000) (stating that unfulfilled threats, without more, generally do not constitute past persecution).

b. The BIA's finding of no future persecution is also supported by substantial evidence. The BIA, adopting the IJ's finding, concluded that Yang "appears to fear prosecution rather than persecution." *See Lin v. Holder*, 610 F.3d 1093, 1097 (9th Cir. 2010) ("Ordinary prosecution for criminal activity is not persecution . . . ."). The

BIA also noted that "[Yang] does not explain how being arrested as a result of this notice [of administrative punishment] would rise to the level of persecution." Yang does not explain this in her opening brief, either. Therefore, there is no compelling reason to disturb the BIA's finding on future persecution.

3. Given that Yang has not met the standard for asylum, she cannot meet the "more stringent" standard for withholding of removal. *Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004). Therefore, the BIA was correct to deny withholding of removal.

4. To demonstrate eligibility for protection under the CAT, Yang must show that it is "more likely than not" that a government official or person acting in an official capacity would torture her or aid or acquiesce in her torture by others. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014). "[T]orture is more severe than persecution." *Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005). The BIA adopted and affirmed the IJ's denial of Yang's request for CAT protection on the basis that Yang "failed to establish a particularized fear of torture in China through objectively reasonable evidence." We agree. Therefore, there is no compelling reason to disturb the BIA's decision on this point.

**PETITION DENIED.**

23-4295