NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 29 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| REMUS COSMIN MIHAI; LAURA MIHAI,<br><br>                Petitioners,<br><br>  v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>                Respondent. | No. 25-3097<br><br>Agency Nos.<br>A208-921-530<br>A208-921-531<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 16, 2026**
Pasadena, California

Before: PAEZ, CALLAHAN, and BUMATAY, Circuit Judges.

Remus Cosmin Mihai ("Mihai") and Laura Mihai ("Laura") (collectively,

"Petitioners") petition for review of the order of the Board of Immigration Appeals

("BIA") dismissing their appeal from the decision of the Immigration Judge ("IJ")

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Exercising jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), we deny the petition.[1]

The IJ found Mihai not credible and ruled in the alternative that his mistreatment did not rise to the level of persecution. The BIA affirmed only the adverse credibility determination. We review the adverse credibility determination for substantial evidence. *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009).

Petitioners challenge the adverse credibility determination in their opening brief, but they raise no specific arguments, asserting only that the IJ "erred." "We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim . . . ." *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994). Petitioners' challenge to the dispositive adverse credibility determination is thus forfeited.

Petitioners also appear to challenge the alternative bases for the IJ's decision. These challenges are irrelevant, however, because the BIA did not rely on these alternative bases. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the

---

[1]    Laura seeks asylum both as a derivative beneficiary of Mihai's application and through her own asylum application. Both applications are based on the same set of facts set forth in Mihai's application.

grounds relied upon by that agency." (quoting *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam))).

**PETITION DENIED.**[2]

---

[2]    The motion to stay removal, Dkt. 2, is DENIED.  The temporary stay of removal shall remain in place until the mandate issues.