**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ROBERTO FRANCO-ARIAS, | No. 17-70049 |
| Petitioner, | Agency No. A090-187-466 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 10, 2020
Pasadena, California

Before: WATFORD and BENNETT, Circuit Judges, and RAKOFF,[**] District
Judge.

Roberto Franco-Arias petitions for review of the December 21, 2016 order

of the Board of Immigration Appeals (BIA) denying his claims for withholding of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Jed S. Rakoff, District Judge for the Southern District
of New York, sitting by designation.

removal under the Immigration and Nationality Act (INA), 8 U.S.C. § 1231(b)(3), and under the Convention Against Torture (CAT) and its implementing regulations, 8 C.F.R. §§ 1208.16 & 1208.17. We have jurisdiction under 8 U.S.C. § 1252(a)(1). We grant the petition as to the withholding claim and remand the issue to the agency to give it an opportunity to properly analyze whether Petitioner committed a particularly serious crime. We deny the petition as to the CAT claim.

Beginning with the withholding claim, we review the BIA's determination that Petitioner's 1993 violation of Cal. Penal Code § 245(a)(1)[1] was a "particularly serious crime," 8 U.S.C. § 1231(b)(3)(B)(ii), for abuse of discretion, limiting our inquiry "to ensuring that the agency relied on the appropriate factors and proper evidence to reach this conclusion." *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015) (internal quotation marks and alteration omitted). Since Petitioner's conviction resulted in a prison sentence of less than five years, the law requires the agency to determine on a case-specific basis whether Petitioner's conviction was for a particularly serious crime, taking into account the nature of

---

[1] The BIA explained that the state originally charged Petitioner with assault with a firearm on a police officer or firefighter in violation of Cal. Penal Code § 245(d)(1) but that Petitioner pled *nolo contendere* to the lesser crime of assault with a deadly weapon in violation of § 245(a)(1) to avoid a longer sentence. We accept this as true for the purpose of this discussion, though we note that the state court papers and other documents in the record are ambiguous as to whether § 245(a)(1) or § 245(d)(1) is the statute of conviction.

2

the conviction, the circumstances underlying the facts of the conviction, and the type of sentence imposed. *Matter of Frentescu*, 18 I. & N. Dec. 244, 247 (BIA 1982); *see* 8 U.S.C. § 1231(b)(3)(B); *Matter of N-A-M-*, 24 I. & N. Dec. 336, 342 (BIA 2007).

We hold that the agency did not properly consider the *Frentescu* factors. Specifically, the agency omitted to consider the portions of Petitioner's hearing testimony that are probative of the circumstances underlying the conviction, i.e., his statements that he only fired a gun into the air, that he acted defensively to protect himself and others during an altercation, and that no one was hurt. The oral decision of the immigration judge (IJ) does not discuss this testimony at all; indeed, the IJ's only analysis of the circumstances underlying the facts of the conviction is the cursory statement that "[i]n this case, the respondent was sentenced to four years in prison for an event where basically the respondent had a firearm that was discharged and contributed to the conviction." The BIA largely adopted the IJ's reasoning,[2] adding only that "many years later he claimed that no one was hurt and he just shot into the sky." But the BIA gave no explanation for

---

[2] For this reason, our review properly encompasses both the BIA's opinion and the IJ's oral decision, which we look to "as a guide to what lay behind the BIA's conclusion." *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (quoting *Avetova-Elisseva v. INS*, 213 F.3d 1192, 1197 (9th Cir. 2000)).

why it discounted this testimony, nor does it appear to have considered Petitioner's

explanation of his actions as essentially defensive.[3] We therefore vacate the BIA's

particularly serious crime determination and remand the issue to the agency for

further consideration of the *Frentescu* factors in light of Petitioner's hearing

testimony.[4]

As to the CAT claim, however, we find Petitioner's argument without merit.

Franco-Arias challenges the agency's factual finding that he failed to demonstrate

by a preponderance of the evidence that he would be subject to "severe pain or

suffering . . . inflicted by or at the instigation of or with the consent or

acquiescence of a public official" if he were removed to Mexico. 8 C.F.R. §

---

[3] We note, however, that the record contains evidence that provides possible reasons for both crediting and discounting Petitioner's testimony and explanation of his actions.

[4] Although the IJ also rejected Petitioner's INA withholding claim on the alternative ground that it fails on the merits, the BIA did not reach this argument and it is therefore not before this Court. *Perdomo v. Holder*, 611 F.3d 662, 668 (9th Cir. 2010) (quoting *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam)) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency.").

We express no opinion as to the outcome of the agency's review on remand. Should the BIA determine that Petitioner's 1993 conviction was not for a particularly serious crime, it should proceed to evaluate Petitioner's withholding claim on the merits.

1208.18(a)(1); *see* 8 C.F.R. § 1208.17(a). We must treat the agency's factual findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B), and we find that this lenient standard is satisfied here. To reach its conclusion, the agency noted Franco-Arias's testimony that his family members have been targeted by the Los Zetas drug cartel, but balanced this testimony against Petitioner's admission that he himself has not been targeted or threatened before, as well as testimony that other relatives have visited and lived in Mexico without harm. The agency also reasoned from the fact that Petitioner had lived in Ciudad Juarez from 2005 to 2007 that Petitioner could again live in a part of Mexico outside the region where Los Zetas is most active. Additionally, among other evidence, the agency considered the testimony from Petitioner and his brother that they had received threatening phone calls from Los Zetas asking for ransom money but determined that this testimony was not credible because the two witnesses' stories were inconsistent. At best, Petitioner has demonstrated that the record evidence is mixed on some of these points, but that does not undermine our conclusion that substantial evidence supports the agency's findings. Accordingly, we deny the petition with respect to Franco-Arias's CAT claim.

**PETITION GRANTED IN PART AND DENIED IN PART.**

5