NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 19 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDGAR ISRAEL MARTINEZ, AKA
Carlos Gutierrez,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    14-73317

Agency No. A095-003-185

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2020[**]

Before: TROTT, SILVERMAN, and N.R. SMITH, Circuit Judges.

Edgar Israel Martinez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for protection under the Convention Against Torture ("CAT").

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review de novo whether a petitioner has been afforded due process. *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006). "[A]n agency's failure to follow its own regulations [is] not per se a violation of due process, but . . . constitutional rights [are] implicated 'when the agency's disregard of its rules results in a procedure which in itself impinged upon due process rights.'" *Brown v. Holder*, 763 F.3d 1141, 1149 (9th Cir. 2014) (quoting *Bates v. Sponberg*, 547 F.2d 325, 329 (6th Cir. 1976)).

Martinez filed a Notice of Appeal from the IJ's decision and specified his intent to file a separate written brief in support of his appeal. When the BIA obtains jurisdiction over a case via a Notice of Appeal, its regulations include mandatory language concerning the issuance of a briefing schedule. 8 C.F.R. § 1003.3(c)(1).

Separately, the IJ ended her decision by mistakenly ordering "that this matter be referred back to the Department of Homeland Security." The BIA inferred that the IJ's "intention was to certify her decision to the Board." When an IJ certifies a case to the BIA, the IJ must advise the parties of the "right to make representations before the Board, including the making of a request for oral argument and the submission of a brief." 8 C.F.R. § 1003.7. The BIA is authorized to review a certified case "without regard to" the provisions of 8 C.F.R. § 1003.7, but only "if it determines that the parties have already been given a fair

opportunity to make representations before the Board regarding the case, including the opportunity [to] request oral argument and to submit a brief." 8 C.F.R. § 1003.1(c).

Whether it was exercising its jurisdiction based on Martinez's Notice of Appeal or construing the IJ's order as a certification of Martinez's case, the BIA never set a briefing schedule, and the record does not show whether it determined that Martinez had already been given a fair opportunity to make representations before it. In reviewing a petition, we can "consider only the grounds relied upon by the BIA." *Singh v. Holder*, 649 F.3d 1161, 1164 n.6 (9th Cir. 2011) (en banc) (internal quotation marks omitted). If the BIA's decision "cannot be sustained upon its reasoning, we must remand to allow the agency to decide any issues remaining in the case." *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam). In the absence of any explanation from the BIA why it did not set a briefing schedule, we must remand so the BIA can expressly make that determination in the first instance.

**REMANDED for further proceedings consistent with this disposition.**

14-73317