NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE GUSTAVO LARA-MORALES; KATHERINE MIHCELLE LARA-HENRIQUEZ; SARA CAROLINA HENRIQUEZ DE LARA,<br><br>    Petitioners,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>    Respondent. | No.   20-71733<br><br>Agency Nos.   A208-284-408<br>    A208-282-190<br>    A208-282-191<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 6, 2021**
Honolulu, Hawaii

Before:  NGUYEN, OWENS, and FRIEDLAND, Circuit Judges.

Jose Gustavo Lara-Morales, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order upholding the denial

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

by an Immigration Judge ("IJ") of his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Lara-Morales claims his wife, Sara Carolina Henriquez de Lara, and his child, Katherine Michelle Lara-Henriquez, as derivative beneficiaries of his application for asylum.[1] We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the agency's factual findings for substantial evidence, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Lara-Morales claims past persecution and fear of future harm based on membership in two particular social groups: "people who had business or companies" in El Salvador and "his family that is targeted for extortion because [Lara-Morales] appears to be a wealthy business owner." During a merits hearing, Lara-Morales testified that he previously owned a successful tailoring business in El Salvador. According to Lara-Morales, in 2012, he and Henriquez de Lara were robbed by three armed men during a visit to Henriquez de Lara's mother's house. Three years later, in March 2015, gang members called Lara-Morales and visited his business to extort him for $1,000. When Lara-Morales did not pay the men, three gang members dressed in police uniforms attacked him on the street, demanded $1,000 in monthly payments, and threatened to kill his family if he did

---

[1] Henriquez de Lara and Lara-Henriquez filed separate applications for withholding of removal and CAT relief.

not comply. After those incidents, Lara-Morales transferred ownership of his business to a relative and fled El Salvador for the United States.

Substantial evidence supports the agency's conclusion that, even if Lara-Morales' proposed particular social groups were cognizable, he failed to establish that he would be persecuted "on account of" his membership in those groups. 8 U.S.C. § 1101(a)(42); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). To prove the requisite nexus, Lara-Morales needed to introduce some evidence of his persecutors' motives. *Parussimova v. Mukasey*, 555 F.3d 734, 739 (9th Cir. 2009); *see also Zetino*, 622 F.3d at 1016 (explaining that a "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Although the IJ found Lara-Morales's testimony credible, she concluded that there was "no evidence, whether direct or circumstantial, of [his] assailants' motive[s]." The BIA determined that this finding was not clearly erroneous. Because the record does not compel a contrary conclusion, Petitioners' claims for asylum and withholding of removal fail.[2]

---

[2] Our conclusion is not affected by the differing nexus standards that apply to asylum and withholding of removal claims. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 358-60 (9th Cir. 2017) (discussing the "one central reason" standard for asylum and the "a reason" standard for withholding of removal).

We do not reach Lara-Morales's argument that substantial evidence does not support the IJ's determination that the Salvadoran government was unable or unwilling to protect him from private persecutors. The BIA did not address that issue. In reviewing the BIA's decision, we "consider only the grounds relied upon by that agency." *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam).

Substantial evidence also supports the agency's denial of CAT relief because Petitioners failed to show it is more likely than not that they will be tortured if returned to El Salvador. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014).

**PETITION DENIED.**