NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 9 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEJANDRO RAMOS, AKA Alejandro Perez Ramos,<br><br>          Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>          Respondent. | No.   19-70122<br><br>Agency No. A076-221-653<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 1, 2022[**]
Pasadena, California

Before: SILER,[***] CALLAHAN, and H. THOMAS, Circuit Judges.

Alejandro Ramos, a native and citizen of Mexico and a lawful permanent

resident of the United States, seeks review of the Board of Immigration Appeals'

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

("BIA") denial of his various applications for relief from removal, as well as of the agency's determination that he was competent for the purposes of his immigration proceedings. For the reasons that follow, we **DENY** the petition as to the agency's competency determination and as to Ramos's applications for asylum, withholding of removal, and CAT protection, and we **DISMISS** the petition as to Ramos's cancellation-of-removal application. Because the parties are familiar with the facts, we do not repeat them here except where necessary.

First, the BIA acted within its discretion when it affirmed that Ramos was competent. *See Salgado v. Sessions*, 889 F.3d 982, 987 (9th Cir. 2018) (explaining that the BIA's affirmance of a mental competency determination is reviewed for an abuse of discretion). Where there are "indicia of incompetency," an immigration judge ("IJ") is required to investigate whether the noncitizen is competent for the purposes of immigration proceedings. *Matter of M-A-M-*, 25 I. & N. Dec. 474, 479-80 (BIA 2011). The standard for mental incompetency "is a stringent one," under which "a person must show some inability to comprehend or to assist and participate in the proceedings, some inability to consult with or assist their counsel or their representative if pro se, and lack of a reasonable opportunity to present evidence and examine witnesses, including cross-examination of opposing witnesses." *Salgado,* 889 F.3d at 989*; Matter of M-A-M-, 25* I. & N. Dec. at 474.

Here, the IJ confirmed that Ramos understood the nature and purpose of his proceedings, that Ramos had been communicating effectively with his attorney, and that Ramos's attorney was able to gather the information he sought from Ramos and from Ramos's family members. The IJ recognized that Ramos had not been able to name the specific types of relief for which he was applying or articulate the purpose of an asylum application. But once satisfied that Ramos had been able to answer (with some prompting) that his application was based on his fear of going back to Mexico, the IJ concluded that Ramos was competent. The BIA acted well within its discretion in affirming this determination.

Next, substantial evidence supports the BIA's determination that Ramos failed to demonstrate an objectively reasonable fear of persecution or a likelihood of torture by or with the acquiescence of government officials if returned to Mexico. *See* 8 U.S.C. § 1252(b)(4)(B); *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1178-79 (9th Cir. 2021) (discussing the substantial-evidence standard under which an agency's factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary" (quoting Nasrallah v. Barr, 140 S. Ct. 1683, 1692 (2020)). An applicant for either asylum or withholding of removal must demonstrate a risk of persecution on account of a statutorily protected ground, such as a membership in a particular social group ("PSG"). 8 U.S.C. §§ 1101(a)(42)(A), § 1231(b)(3); 8 C.F.R. § 1208.16. This fear must be not only subjectively genuine

but also objectively reasonable. *Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2007). To demonstrate eligibility for protection under CAT, a noncitizen must demonstrate that it is more likely than not that he or she would be tortured if removed. 8 C.F.R. § 1208.16(c)(2). Torture is "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person" by or with the acquiescence of the government of the country to which the noncitizen is facing removal. *Id*. § 1208.18(a)(1).

The IJ first found that Ramos, who asserted that his learning disability would put him at risk in Mexico, failed to articulate a cognizable PSG. Then, the IJ determined that Ramos had, in any event, failed to establish a well-founded fear of future persecution because Ramos had relied exclusively on his own testimony as to his fear of general violence. Finding that Ramos had thus failed to meet his burden for asylum, the IJ necessarily concluded that Ramos could not meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003). Next, the IJ held that Ramos failed to demonstrate the requisite risk of torture. The IJ considered Ramos's documentary evidence of systemic abuse in Mexican institutions for mentally and physically disabled individuals. But because Ramos had not indicated that his learning disability was so severe as to create a risk of institutionalization, the IJ denied his CAT application.

4

The BIA assumed the cognizability of Ramos's proffered PSG and adopted the IJ's reasoning as to only Ramos's failure to demonstrate the requisite likelihood of persecution or torture. Thus, Ramos's objections to the IJ's rejection of his PSG are not properly before this court. *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam). And because Ramos otherwise points to no record evidence that would compel reversal of the agency's determination, we affirm the denial of Ramos's applications for asylum, withholding of removal, and protection under CAT.

Finally, we lack jurisdiction to review the BIA's discretionary denial of Ramos's cancellation-of-removal application. The BIA found that Ramos's numerous substance-related offenses outweighed his long residence in and his significant family ties to the United States, and thus concluded that Ramos had "not established that he merits relief in discretion." Ramos offers no cognizable legal or constitutional challenge to this otherwise unreviewable determination.

Accordingly, we **DISMISS** the petition for review as to Ramos's cancellation-of-removal application and **DENY** the remainder of the petition.