NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN FLORES, AKA Juan Flores, Jr., | No. 19-73089 |
| Petitioner, | Agency No. A090-214-113 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 11, 2022
San Francisco, California

Before: HURWITZ and VANDYKE, Circuit Judges, and MOSKOWITZ,**
District Judge. Dissent by Judge VANDYKE

Juan Flores, a native and citizen of Mexico, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision finding him removable and denying his applications for

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Barry Ted Moskowitz, United States District Judge for
the Southern District of California, sitting by designation.

asylum and withholding and deferral of removal. We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D). We review de novo questions of law. *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008). We grant the petition for review and remand.

Flores was charged with removability solely because of a conviction under California Penal Code ("CPC") § 136.1(b)(1). On remand from this Court after a prior petition for review, the BIA held that Flores was removable because the CPC § 136.1(b)(1) conviction was an offense relating to obstruction of justice under 8 U.S.C. § 1101(a)(43)(S), and thus an aggravated felony. In *Cordero-Garcia v. Garland*, we held that CPC § 136.1(b)(1) is not an aggravated felony under § 1101(a)(43)(S). No. 19-72779, 2022 WL 3350714, at *6 (9th Cir. Aug. 15, 2022). Thus, the sole charge of removability against Flores cannot be sustained and his petition must be granted.

We remand to the agency for further proceedings consistent with this order. *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency. If we conclude that the BIA's decision cannot be sustained upon its reasoning, we must remand to allow the agency to decide any issues remaining in the case.").

**PETITION FOR REVIEW GRANTED; REMANDED.**

VANDYKE, Circuit Judge, dissenting.

For the reasons set forth in my dissent in *Cordero-Garcia v. Garland*, No. 19-72779, 2022 WL 3350714 (9th Cir. Aug. 15, 2022), I dissent in this case as well.