NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 26 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ABISUK SINSAENG, AKA Apisuk Andy Sinsaeng, AKA Avisuk Andy Sinsaeng, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 18-72975 <br><br> Agency No. A037-571-413 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 11, 2022
San Francisco, California

Before: HURWITZ and VANDYKE, Circuit Judges, and MOSKOWITZ,**
District Judge. Dissent by Judge VANDYKE.

Abisuk Sinsaeng, a native and citizen of Thailand, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision finding him removable and denying his motion

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

to terminate. We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D). We review de novo questions of law. *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008). We grant the petition for review and remand.

Sinsaeng was charged with removability because of his convictions under California Penal Code ("CPC") § 136.1(b)(1) and CPC § 243.4. The IJ held that Sinsaeng was removable because his CPC § 136.1(b)(1) convictions were offenses relating to obstruction of justice and his CPC § 243.4 and CPC § 136.1(b)(1) convictions were crimes of moral turpitude. On remand from this Court after a prior petition for review, the BIA held that Sinsaeng was removable because the CPC § 136.1(b)(1) convictions were offenses relating to obstruction of justice under 8 U.S.C. § 1101(a)(43)(S), and thus aggravated felonies. The BIA did not address whether Sinsaeng was removable for crimes of moral turpitude. In *Cordero-Garcia v. Garland*, we recently held that CPC § 136.1(b)(1) is not an aggravated felony under § 1101(a)(43)(S). No. 19-72779, 2022 WL 3350714, at *6 (9th Cir. Aug. 15, 2022). Thus, the charge of removability that Sinsaeng was convicted of an offense relating to obstruction of justice cannot be sustained and his petition must be granted.

We remand to the agency for further proceedings consistent with this order. *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency. If

2

we conclude that the BIA's decision cannot be sustained upon its reasoning, we must remand to allow the agency to decide any issues remaining in the case.").

**PETITION FOR REVIEW GRANTED; REMANDED.**

VANDYKE, Circuit Judge, dissenting.

For the reasons set forth in my dissent in *Cordero-Garcia v. Garland*, No. 19-72779, 2022 WL 3350714 (9th Cir. Aug. 15, 2022), I dissent in this case as well.