NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 14 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CAROLINA ERLINDA RAMOS-MEJIA, et al., | No. 21-102 |
| Petitioners, | Agency Nos. A209-227-127<br>A209-227-128<br>A209-227-129 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 09, 2023**
San Francisco, California

Before: FRIEDLAND and R. NELSON, Circuit Judges, and KATZMANN,***
Judge.

Petitioner Carolina Ramos-Mejia[1] seeks review of a final order of removal

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

[1] Ms. Ramos-Mejia is the lead petitioner, and her two minor children are derivative beneficiaries of her application for asylum. All references to Petitioner are to the lead petitioner, unless otherwise indicated.

issued by the Board of Immigration Appeals ("BIA"). The BIA dismissed Ramos-Mejia's appeal of the Immigration Judge's ("IJ") order denying her applications for asylum and withholding of removal under the Immigration and Nationality Act and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017), and we deny the petition.

We review factual findings for substantial evidence. *Id*. "[T]o reverse such a finding, we must find that the evidence not only supports a contrary conclusion, but compels it." *Id*. (cleaned up). We cannot "substitute an analysis of which side in the factual dispute we find more persuasive." *Cruz-Navarro v. INS*, 232 F.3d 1024, 1028 (9th Cir. 2000) (quoting *Marcu v. INS*, 147 F.3d 1078, 1082 (9th Cir. 1998)). And "[w]hen the BIA conducts its own review of the evidence and law rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (citation and internal quotation marks omitted).

1. The BIA affirmed the IJ's conclusion that Ramos-Mejia's asylum and withholding of removal claims failed because she failed to show a sufficient nexus between past or future harm and a protected ground. Substantial evidence supports that conclusion.[2] Ramos-Mejia argues that she was persecuted because

---

[2] Ramos-Mejia also contends that the BIA erred in affirming the IJ's conclusion that Ramos-Mejia failed to assert membership in a particular social group. We

2

of her status as a member of her former partner's family. Her former partner's work involved investigating gangs, and Ramos-Mejia contends that she was persecuted by gang members because of their familial status She testified, however, that a gang member called and threatened her because he knew she had received a bank loan and wanted her to pay him money. Additionally, although she testified that her former partner's brother was killed, she also stated that she believed that the brother was involved in criminal activities himself, and that this may have been the reason for his killing. Given the potential alternative motives indicated by Ramos-Mejia's testimony, the record does not compel the conclusion that membership in the family was one central reason, or even a reason, that she was threatened. *See Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890–91 (9th Cir. 2021).

2. Ramos-Mejia also challenges the BIA's denial of her CAT claim. Relief under CAT requires a showing that the petitioner will (1) more likely than not be tortured in the country of removal and (2) "that the torture would be inflicted with government acquiescence." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022); 8 C.F.R. § 208.16(c)(4). There is no evidence that Ramos-Mejia will be tortured upon removal and no evidence suggesting that the

___

need not decide this issue, however, because the BIA appropriately concluded that, even assuming the family social group was cognizable, there was no showing of nexus between any past or future harm and that group. *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency.").

Salvadorian government would consent or acquiesce in any torture. In fact, the evidence that her former partner investigates and places gang members in jail bolsters this conclusion. The agency therefore did not err in denying CAT relief.

**PETITION DENIED.**