FILED

JUL 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LUIS SERRANO LANDETA, | No. 22-1156 |
| Petitioner, | Agency No. A046-535-631 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 18, 2023**
Pasadena, California

Before:     TASHIMA and FORREST, Circuit Judges, and CARDONE,***
District Judge.

Jose Luis Serrano Landeta, a native and citizen of Ecuador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for

adjustment of status.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

---

         *      This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

         **     The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

         ***    The Honorable Kathleen Cardone, United States District Judge for
the Western District of Texas, sitting by designation.

dismiss the petition for review.

We lack jurisdiction to review the agency's denial of adjustment of status. *See* 8 U.S.C. § 1252(a)(2)(B); *Patel v. Garland*, 142 S. Ct. 1614, 1622–23 (2022) (where the agency denies a form of relief listed in 8 U.S.C. § 1252(a)(2)(B)(i), federal courts have jurisdiction to review constitutional claims and questions of law, but not factual findings and discretionary decisions).  The petition does not raise a colorable legal or constitutional claim over which we retain jurisdiction.  *See* 8 U.S.C. § 1252(a)(2)(D); *see also Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001) (abuse of discretion argument cloaked as due process claim is not colorable).

We do not address Serrano Landeta's contentions that his conviction does not constitute an aggravated felony or crime involving moral turpitude because the BIA did not deny relief on these grounds.  *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (quoting *Andia v. Ashcroft*, 359 F.3d 1181 (9th Cir. 2004) (per curiam)).

The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DISMISSED.**