NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 11 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SELVIN LOPEZ-LOPEZ, AKA Neli Arilu Lopez Gramajo, | No. 19-73255 |
| Petitioner, | Agency No. A070-146-215 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 9, 2024**
Pasadena, California

Before: CALLAHAN, CHRISTEN, and BENNETT, Circuit Judges.

Petitioner Neli Arilu Lopez Gramajo,[1] a native and citizen of Guatemala,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Petitioner asserts that Neli Arilu Lopez Gramajo is his true name and that Selvin Lopez-Lopez is the false name he gave to authorities during his 1990 immigration proceedings.

petitions for review of the Board of Immigration Appeals' (BIA) order dismissing his appeal of an Immigration Judge's (IJ) order denying his motion for sua sponte reopening of his removal proceedings. Where, as here, the BIA adopts the IJ's reasoning, we review both decisions. *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). We assume the parties' familiarity with the facts and recite them only as necessary. We have jurisdiction pursuant to 8 U.S.C. § 1252(a), but our review of the agency's exercise of its sua sponte authority is narrow. We have "jurisdiction to review Board decisions denying sua sponte reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) (italics omitted).

We dismiss the petition because Petitioner has not identified any legal or constitutional error in the agency's decision. The agency correctly articulated that the exercise of its sua sponte authority to reopen proceedings is appropriate when an applicant has demonstrated "truly exceptional situations." *Lona v. Barr*, 958 F.3d 1225, 1233 (9th Cir. 2020). The agency concluded that Petitioner had not shown that his circumstances were exceptional because he was not diligent in seeking relief under the Nicaraguan Adjustment and Central American Relief Act (NACARA) and his fraudulent conduct weighed against reopening. Petitioner presents no argument that the agency, in considering these factors, "misconstrue[d]

the parameters of its sua sponte authority based on legal or constitutional error." *Id.* at 1237.

Petitioner's argument that the deadline for him to file a motion to reopen under § 203(c) of NACARA, *see* 8 C.F.R. § 1003.43(e), should be equitably tolled due to fraud is outside the scope of our review. Petitioner's motion sought reopening pursuant to the agency's sua sponte authority only, and the agency considered only that ground in denying relief. *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency.").

**PETITION DISMISSED.**