**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| JUNIOR YANCARLOS MORALES YARLEQUE, | No. 24-4911 |
| Petitioner, | Agency No. A246-428-386 |
| v. | MEMORANDUM* |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 19, 2025**
San Francisco, California

Before: CHRISTEN, BRESS, and VANDYKE, Circuit Judges.

Junior Yancarlos Morales Yarleque ("Petitioner"), a native and citizen of

Peru, seeks review of a Board of Immigration ("BIA") decision affirming the

Immigration Judge's ("IJ") denial of Petitioner's claims for asylum, withholding of

---

\* This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and Convention Against Torture ("CAT") protection. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

When reviewing the BIA's final orders, we "'review questions of law de novo' and the agency's 'factual findings for substantial evidence.'" *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (citation omitted). "[U]nder the highly deferential substantial evidence standard," findings of fact are "conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) (citation omitted). "In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004).

1. The agency did not err in concluding that Petitioner was not entitled to asylum or withholding of removal.[1] To show entitlement to a presumption of future persecution, Petitioner must establish that his past "[mis]treatment rises to the level of persecution." *Antonio v. Garland*, 58 F.4th 1067, 1073 (9th Cir. 2023) (citation omitted). Persecution "is an extreme concept that does not include every sort of treatment our society regards as offensive." *Nagoulko v. INS*, 333 F.3d 1012, 1016

---

[1] Because the relevant standard for withholding of removal is "more stringent" than the standard for asylum, Petitioner's failure to carry his burden for asylum also forecloses withholding of removal. *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001); *see also Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000).

(9th Cir. 2003) (quotation marks and citation omitted).  Viewed cumulatively, and whether reviewed de novo or for substantial evidence, Petitioner's alleged incidents of mistreatment were not so extreme as to rise to the level of persecution.  Petitioner was not physically harmed.  *See Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021); *see also Hussain v. Rosen*, 985 F.3d 634, 647 (9th Cir. 2021).  And the threats against Petitioner were vague, and there was no follow-through by the perpetrators when Petitioner refused to pay the extortion money or resign from his security position.  The agency thus did not err in finding that Petitioner had not shown past persecution.

Absent a showing of past persecution, Petitioner bears the burden to establish a well-founded fear of future persecution.  8 C.F.R. § 1208.13(b)(2).  Substantial evidence supports the agency's finding that Petitioner failed to show a well-founded fear of future persecution because he could reasonably and safely relocate. Petitioner's similarly situated family safely relocated elsewhere in Peru, where they have remained without incident.  Petitioner presented no credible evidence that the criminals who threatened him had national reach or connections.  *See Hussain*, 985 F.3d at 648.  And Petitioner's evidence of general crime in Peru, without more, does not demonstrate he is unable to relocate, since "[r]elocation is generally not unreasonable solely because the country at large is subject to generalized violence." *Id*.  Considering that Petitioner was unharmed for a significant time period following

the alleged incidents and the safe relocation of his similarly situated family, substantial evidence supports the agency's relocation finding, and thus its denial of asylum and withholding of removal.

2. Petitioner has waived his CAT protection claim. He failed to challenge before the BIA the IJ's dispositive finding that the Peruvian government was not complicit in any alleged torture. *See Shen v. Garland*, 109 F.4th 1144, 1157–58 (9th Cir. 2024). And although Petitioner argues before this court that the agency improperly rejected his CAT claim, he neither acknowledges the BIA's waiver finding nor explains why the BIA's waiver conclusion was wrong. He has therefore waived before this court any challenge to the agency's conclusion that his CAT claim was waived before the agency.

**PETITION DENIED.**