NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 24 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUANA DOROTEA MATIAS PEREZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-704

Agency No.
A201-670-602

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 20, 2025[**]
San Jose, California

Before: SCHROEDER and FRIEDLAND, Circuit Judges, and SCHREIER,
District Judge.[***]

Juana Dorotea Matias Perez, a native and citizen of Guatemala, petitions for

review of the decision of the Board of Immigration Appeals ("BIA") affirming the

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Karen E. Schreier, United States District Judge for the
District of South Dakota, sitting by designation.

denial by an immigration judge ("IJ") of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny in part and grant in part the petition for review, and remand for further proceedings.

Petitioner is a woman of indigenous Mayan descent who is an evangelical Christian. Her claims focus on the conduct of a woman named Amanda, who operated a stand next to the one Petitioner and her mother established to sell fruit. Petitioner testified concerning the threats, racial epithets, and anti-Christian slurs she endured from Amanda and persons connected with her, and the IJ found Petitioner's testimony to be credible.

Petitioner contends that the past harm she suffered was on account of her ethnicity and religion, citing the ethnic and anti-Christian slurs her attackers used. The agency found that the threats and intimidation were motivated by animosity toward a competitor and not on account of a protected ground. We have recognized, however, that use of such slurs establishes a connection between harmful acts and a petitioner's ethnicity and religion. *See, e.g.*, *Baballah v. Ashcroft*, 367 F.3d 1067, 1077 (9th Cir. 2004) ("The use of this slur amply establishes the connection between the acts of persecution and [the petitioner's] ethnicity and religion.").

The record does not compel a finding that the protected grounds were a

"central reason" for the attacks, the standard required for asylum relief. *See* 8 U.S.C. § 1158(b)(1)(B)(i). However, the nexus requirement for withholding of removal claims is less demanding, and the applicant need only show that a protected ground is "a reason" for future persecution. *See* 8 U.S.C. § 1231(b)(3)(C); *see also Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021) ("[T]he requirement that an applicant demonstrate that a protected characteristic would be 'a reason' for future persecution is a 'weaker motive' than the 'one central reason' required for asylum. 'A person may have "a reason" to do something that is not his "central" reason or even "one central reason."'" (citations omitted) (quoting *Barajas-Romero v. Lynch*, 846 F.3d 351, 359 (9th Cir. 2017)).

The BIA opinion does not appropriately apply that standard. Accordingly, we remand to the agency for further consideration of Petitioner's withholding of removal claim. *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004); *see also Garcia*, 988 F.3d at 1147 ("The difference between the motive standards matters, particularly in cases like this one, in which the BIA's decision turns on its nexus determination.").

Petitioner, however, has identified no error in the agency's denial of her CAT claim. The record shows the agency sufficiently took into account all the evidence of past threats and attempted vehicular harm, as well as generalized country conditions evidence depicting discrimination and violence committed

against indigenous Guatemalans. The record does not compel the conclusion that Petitioner is more likely than not to suffer the intentional infliction of "an extreme form of cruel and inhuman treatment," 8 C.F.R. § 1208.18(a)(2), with "the consent or acquiescence of a public official" if removed to Guatemala. *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020).

We therefore grant the petition only with respect to withholding of removal, and remand to the agency for further consideration of that claim. The petition is otherwise denied.

Petition **DENIED in part; GRANTED in part; and REMANDED**.[1]

---

[1] The motion to stay removal (Docket No. 2) is granted. The stay of removal remains in place until the mandate issues.